George Tilzer, J.
This is a motion by plaintiff to amend the judgment of this court, entered on July 5, 1951 and granting plaintiff $225 monthly for her support and maintenance, and $225 monthly for the support of the two infant children.
The judgment had incorporated therein a separation agreement previously entered into by the parties. Whether such agreement survives the judgment is not in issue on this motion and could only be determined after trial. (Sureau v. Sureau, 280 App. Div. 927, affd. 305 N. Y. 720.)
This application is based upon changed circumstances, to wit: increased income of the defendant; increased costs of maintenance and education and decreased value of the dollar. Defendant, besides denying the increased income as alleged, or material change in his circumstances or that of the plaintiff, refers to the separation agreement as binding upon the plaintiff. However, the court finds that the plaintiff is not endeavoring to change the terms of the separation agreement.
The law governing this application is stated in Goldman v. Goldman (282 N. Y. 296). At page 303, last paragraph, in considering the contention of the plaintiff that the provisions for support of wife and children incorporated in a decree of divorce pursuant to a valid agreement of the parties, may not be changed or modified without the consent of both parties, the court stated: ' ‘ The court, in the exercise of its powers conferred by statute, directed the defendant to pay the sum which both parties, at that time, agreed would be a suitable provision for his wife and children. That direction might be enforced in manner provided by the statute, though the contractual obligation could not be so enforced; and might be modified thereafter by the court, though the contractual obligation could not be so modified without the consent of the parties. The plaintiff, having invoked the power conferred upon the court by statute, to direct the defend *730 ant to make suitable provision for her support, the defendant may invoke the power of the court, conferred by that same statute, to modify its directions for ‘ the effect of the statute is to write a reservation into every final judgment of divorce. ’ (Fox v. Fox, 263 N. Y. 68, 70.) The direction contained in the judgment entered upon the plaintiff’s motion must be read as if it included an express reservation that it might thereafter be annulled, varied or modified pursuant to statute ”.
The plaintiff herein is seeking to modify the judgment under the change of circumstances alleged. But the change of circumstances as alleged is not altogether supported by proof. Statements of the defendant’s ownership of huge real estate and business interests and of his income therefrom could be substantiated by proof with a little investigation if such was actually the fact. The defendant denies any such holdings and states that he receives only nominal returns on the investments he owns and which he purchased with loans secured by his insurance. However, the defendant does show an increase of earnings in his profession. Plaintiff’s allowance for herself is now subject to taxes. Education costs have increased and the previous allowances do not have the same purchasing powers. Based on the change of circumstances shown and the admitted interest of the father in having his children educated, the judgment is modified so as to require defendant to pay $275 monthly towards the support and maintenance of the plaintiff and $290 for the support, maintenance and education of the children. The granting of the application is without prejudice to a further application warranted by proof of the defendant’s increased income from his business interests.
Counsel fee of $150 is allowed plaintiff on this motion.
Settle order.
(On reargument.)
The communication of counsel dated November 27, 1957, is treated as an application for reargument. The application is granted.
The defendant does not question the power of the court to increase the allowance for the support of the two children, but does question this court’s power to increase the payment for the support of the plaintiff herself.
The separation agreement which was incorporated in the judgment of divorce did not contain any provision that it was to survive that decree. The adoption by the court of that agreement and the direction made that the defendant pay the amount to which the parties had agreed, was not inviolate from future *731 change. The court might, pursuant to the power conferred by statute, and as justice required, decrease or increase the alimony and support provided by its decree (Goldman v. Goldman, 282 N. Y. 296; Galusha v. Galusha, 116 N. Y. 635, 646-647). The court adheres to its original determination.