Charles B. Close, J.
This case was tried on April 17, 1958. These defendants were charged, as follows:
“ That one John David Fortino, on the 10th day of July, 1957, at the Public Highway, in the Town of G-eddes, County of Onondaga, N. Y., at about 1:30 o ’clock in the afternoon of said day, did commit the Traffic Infraction of Overload on Consecutive Axles in violation of Article 3, Section 14, Subdivision 9 of the V & T Law of the State of New York by wrongfully, unlawfully, willfully, and knowingly did operate a 1957 Mack Dump Truck, New York Eegistration Comm. 539-429 upon the *726 public highway, southerly on Ete. 48, said vehicle having an overload on two consecutive axles. TOWIT: said vehicle was carrying a load of 47630 pounds on the 2nd and 3rd axles of a 3 axle vehicle, which were less than 10 feet apart, this being 11630 pounds in excess of the legal limit of 36,000 pounds, this vehicle is equipped with pneumatic tires and was weighed on a portable loadometer scales.”
“ That one Joseph Filicia, Sr., on the 10th day of July, 1957, at the Public Highway in the Town of Gfeddes, County of Onondaga, N. Y., at about 1:30 o’clock in the afternoon of said day, did commit the Traffic Infraction of Overload on Consecutive Axles in violation of Article 3, Section 14, Subdivision 9 of the V & T Law of the State of New York by wrongfully, unlawfully, willfully, and knowingly did operate a 1954 Mack Dump Truck, New York Eegistration Comm. 535-030 upon the public highway, southerly on Ete 48, said vehicle having an overload on two consecutive axles. TOWIT: said vehicle was carrying a load of 49820 pounds on the 2nd and 3rd axles of a 3 axle vehicle, which were less than 10 feet apart, this being 13820 pounds in excess of the legal limit of 36,000 pounds, this vehicle is equipped with pneumatic tires and was weighed on a portable loadometer scales.”
Considerable time was spent by the Assistant District Attorney in describing in detail the procedure used by the officers in setting up the scales for weighing loaded trucks in order to determine whether the load carried is excessive or not. The People introduced in evidence Exhibit 1, certificate of official investigation and examination of the two sets of scales used in these cases. Testimony discloses that the examination was made December 12, 1956, and that the date of certification is August 29, 1957. In other words, these scales were shown to be correct as of December 12, 1956.
It appears that a 1957 Mack truck was driven by the defendant, John David Fortino. It also appears that the left front wheel showed a weight of 4,470 pounds and the right front wheel showed a weight of 4,980 pounds, the second axle on the left wheel 12,210 pounds, on the second axle on the right 11,740 pounds, the third axle on the left side 11,920 pounds, on the right on the third axle 11,760 pounds, or a total of 47,630 pounds on the two rear axles.
That a 1954 Mack truck driven by Joseph Filicia, Sr., was similarly weighed, apparently conforming with the general practice, and the said Filicia truck was carrying a load of 49,820 on the second and third axles of a three-axle vehicle which axles were less than 10 feet apart, this being 13,820 pounds in *727 excess of the legal limit of 36,000 pounds, whereas the truck driven by Fortino was 11,600 pounds overweight.
Counsel for the defense makes some point of the fact that it is up to the People to prove the accuracy of the scales used in determining the weight. While it is true that the scales were tested seven or eight months prior to the time the same were used in the instant cases, yet no proof was introduced by the defense that the same should be tested more frequently. Assuming that some variation might exist in the accuracy of these scales, the actual excess weight in one instance is 13,820 pounds and 11,600 pounds in the other. The question is: Could these scales show close to a seven-ton variance in one case and five and one-half ton variance in the other. The court believes not.
It is also contended by the defendants that the People must prove that the operator had knowledge of the overweight. The court believes this to be true, except that in the instant cases the defendants admit they went to a weigh station, but that they do not remember whether they were overweight or not. The court believes that there is some duty upon these defendants to observe the weight of their vehicles with loads at the time of weight, and if they show disregard of the same, the court does not believe that defendants should be permitted to claim no knowledge of weight when they admittedly forget or disregard the same. The court finds that the operators of the vehicles in question had knowledge of the overweight, that the People proved the accuracy of the scales, and that the defendants violated subdivision 9 of section 14 of the Vehicle and Traffic Law.
It is the sentence of the court that each of the said defendants pay a fine of $100.