People of the State of Illinois, Plaintiff-Appellee, v.
John A. Fair and C. J. Serio, a Corporation, De-
fendants-Appellants.

Gen. No. 49,667.

First District, Third Division.

June 24, 1965.

Rehearing September 16, 1965.

Joseph I. Bulger, of Chicago, for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendants were convicted and fined $1,890 for operating a truck which weighed 18,980 pounds in excess of the prescribed statutory maximum of 72,000 pounds. The fine was computed on the basis of the method provided by statute, and the computation is not disputed.

Defendants contend that the evidence does not prove them guilty beyond a reasonable doubt, in that the accuracy of the scales was not proved and the method employed by the state trooper to weigh the vehicle axle by axle was speculative and produced an inaccurate result.

Section 132 of the Illinois Motor Vehicle Act (Ill Rev Stats 1963, c 95½, § 229) provides that:

"(a) Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales. If such scales are not available at the place where such vehicle is

stopped, the police officer shall require that such vehicle be driven to the nearest public scales.

"(b) Whenever an officer upon weighing a vehicle and load, as above provided, determines that the weight is unlawful, such officer shall require the driver to stop the vehicle in a suitable place and remain standing until such portion of the load is removed as may be necessary to reduce the gross weight of such vehicle to such limit as permitted under this Act and shall forthwith arrest the driver. All material so unloaded shall be cared for by the owner or operator of such vehicle at the risk of such owner or operator."

Section 229 (c) provides that a driver who fails to comply with the provisions of the section shall be guilty of a misdeameanor.

On May 21, 1963, at about 7:26 a. m., at 135th Street and Crawford Avenue in Crestwood, Illinois, State Highway Police Officer Richard Haines observed a five axle combination Mack vehicle, which appeared to be overweight. Haines had been on the police force for seven years and had weighed hundreds of vehicles. He halted the truck and asked the driver, defendant John Fair, an employee of defendant C. J. Serio, a corporation, to give him the net weight of the vehicle. Fair replied that he did not know the weight and at the officer's request, Fair followed him to the Stolz Material Yard Scale at 149th Street and Crawford Avenue in Midlothian.

Haines testified that the Stolz Material Yard scale was a tested and certified scale, that it was tested by the Department of Agriculture of the State of Illinois, and that a decalcomania pasted on the scale indicated that the last inspection date was February 1963, some three and one-half months before the instant weighing. Haines' judgment on weights is not disputed. He veri-

fied the operability of the scale by releasing its lock and observing that the needle rose to zero.

The vehicle in question was a five axle, semidump truck and, being too long for the 10′ x 20′ scale, three separate measurements were taken, as the truck was weighed axle by axle. The front or steering axle under the cab of the truck was driven to the middle of the scale. The weight registered was 8,380 pounds. The drive or center tandem axle (actually two axles less than 72″, but more than 40″ apart) was next driven on the scale, so that the front or steering axle was weighed simultaneously with the drive or center tandem axle. The combined weight on the drive or center tandem axle was 42,400 pounds (50,780 less 8,380). For the third weighing, the front or steering axle and the drive or center tandem axle left the scale platform completely, as did about half of the trailer portion of the vehicle. The rear tandem axle (actually two axles less than 72″, but more than 40″ apart) moved to the center of the scale. The weight on the rear tandem axle was 40,200 pounds. Observing that the total weight on each axle was 90,980 pounds (8,380 plus 42,-400 plus 40,200), some 18,980 pounds in excess of the statutory maximum, Officer Haines gave Fair an arrest ticket and told him he could not drive the truck on the highways until its weight had been reduced to 72,000 pounds.

Haines further testified that after each weighing, the scale needle was returned and locked at zero, that Fair was invited to observe the weight shown on the scale after each weighing, that there was no shifting of the load of clay and topsoil during the weighing and that the ground and scale were level.

Fair testified that the weight of the Mack vehicle alone was 31,000 pounds, that on the day in question, the vehicle contained about five buckets of topsoil and

clay, plus some water, and that no crown or peak extended above the vehicle's trailer walls.

Gus Bongi, field supervisor of Bongi Cartage Company, lessee of the Mack vehicle at the time of the alleged violation, testified there was no peak and that each bucket weighed about 6,000 pounds. He said that before each cartage job, the company conducted experiments to find the average weight of a bucket of the material to be carted, but did not weigh each truckload individually. On this particular job, he estimated that a bucket of clay and topsoil weighed about 6,000 pounds, and testified that five buckets were put in each truck. The particular truckload involved in the instant case was not weighed, nor did Bongi have the truck weighed after it was weighed at the weigh station.

We will first consider the contention of defendants that the state has failed to prove beyond a reasonable doubt the accuracy of the scales used. The state argues that since this is an affirmative defense, the burden of proof is on the defendants. There appears to be no law in Illinois on the question of whether there is any presumption or where the burden of proof lies with respect to the accuracy of scientific instruments. Nor have we been able to discover any opinions of reviewing courts as to proof of the accuracy of scales used for weighing vehicles. All the cases cited to us on this point in both briefs are trial court decisions. In New York the law puts the burden of proof on the state as to the accuracy of scales, and this proof normally consists of evidence as to the latest inspection of the scales. People v. Vadakin, 125 NYS2d 25 (Columbia County 1953); People v. DuShane, 125 NYS2d 9 (Columbia County 1953); People v. Marotta, 5 Misc2d 947, 165 NYS2d 639 (Westchester County 1957); People v. Brandon, 5 Misc2d 946, 165 NYS2d 640 (Westchester County 1957); People v. Hazelton, 10 Misc2d

361, 169 NYS2d 490 (St. Lawrence County 1957). The New York courts have varied as to the length of time which must elapse before the last inspection of scales becomes insufficient proof of their accuracy. Cf. People v. Matessino, 15 Misc2d 7, 179 NYS2d 911 (Westchester County 1958) and People v. Fortino, 14 Misc2d 725, 183 NYS2d 213 (Onondaga County 1958) with People v. Hazelton, supra.

We are persuaded, however, by the reasoning of the Pennsylvania court in Commonwealth v. Thurmond, 27 D & C 470 (Delaware County, Pa 1961) where the court upheld the conviction on the arresting officer's testimony and his certificate of weight, since it was not incumbent on the Commonwealth, the court held, to prove the accuracy of the scales in order to prove its case beyond a reasonable doubt. The court considered the New York cases but refused to follow them. It held that the weighing of the vehicle and load by the police officer was an official act or duty under the law of Pennsylvania, and that official acts or duties are, in the absence of evidence to the contrary, presumed to have been properly performed. Behind that principle, the court reasoned, stands the common experience of mankind (and it is generally accepted in the absence of proof to the contrary) that devices manufactured for official tests of weight, volume, speed and time are accurate.

█ In Illinois, the weighing of a vehicle and load by the arresting officer is also an official act sanctioned by statute. (See Sec 132 of the Motor Vehicle Act hereinbefore quoted, Ill Rev Stats c 95½, § 229 (1963).) The Illinois Motor Vehicle Code sanctions the use of electronic speed detecting devices, and many traffic violators have been clocked by police officers' speedometers. Nothing in the Motor Vehicle Code requires the state to assume the burden of proving the accuracy of such scientific devices beyond a reasonable

doubt. We are of the opinion that the testimony of the arresting officer and the certificate of accuracy of the scale is sufficient to make a prima facie case for the accuracy of the scale.

Defendants' argument with respect to the accuracy of the scales loses force by reason of the large percentage of the overweight in the instant case. Officer Haines testified the truck was 18,980 pounds over the statutory maximum of 72,000 pounds. This leaves an allowance of 26% for any possible inaccuracy, and makes the proof of violation conclusive.

██ Although it is not made an explicit point in their brief, defendants argue it was improper for the state trooper to testify as to the testing date shown on the decalcomania. Technically, the inspection date of February 1963 is an out-of-court statement by the Director of the Department of Agriculture of the State of Illinois that the scale was tested, and it was offered for the truth of the matter asserted. People v. Carpenter, 28 Ill2d 116, 190 NE2d 738; People v. DeMarco, 44 Ill App2d 459, 195 NE2d 213. The decalcomania is a public document, however, and is therefore within the public document exception to the hearsay rule. The reasons for the exception are the inconvenience to the public official in requiring him to testify, the trustworthiness of one charged with a public duty, and the fact that there is no motive for falsifying or misrepresenting. 5 Wigmore on Evidence, §§ 1631, 1632 (3rd Ed, 1940). The Department of Agriculture has authority to inspect certain scales (see Ill Rev Stats 1963, c 127, § 40(22) and 1961, c 147, § 7, and there is no contention that the scale in the instant case was not properly inspected by the Department of Agriculture. The arresting officer properly testified to the inspection date appearing on the scale.

■ Defendants' final objection is to the arresting officer's method of weighing the vehicle. Defendants contend that axle by axle weighing was an improper method to use because:

> "It is a known fact that the rear axle is several feet distant from the first two. The entire weight would have a tendency to slope to the axle being weighed because the platform would become depressed by the weight of the rear portion of the vehicle, causing a greater figure to show than a lesser one."

Officer Haines testified, however, that the load of clay and topsoil did not shift and that the scale and ground were level. No expert witnesses were produced at the trial by defendants to testify to the proper method of weighing a motor vehicle too large to be weighed in a single draft. Defendants point to a publication of the United States Department of Commerce, National Bureau of Standards, which indicates that a highway vehicle should be weighed only in a single draft. The Illinois Motor Vehicle statute provides, however, that the arresting officer may weigh a truck either by portable or stationary scales. See Section 132(a) hereinbefore quoted. Portable scales which could weigh such trucks in a single draft are obviously impractical. The statute in question is designed to regulate an area of transportation, one important to the health and welfare of the people of the state, but it also involves abuses and dangers. Assuming the validity of the statute, which is not questioned, we must recognize that to impose upon its legal enforcement impractical requirements for proof of such matters as men in the ordinary course of business take for granted would make detection and punishment of violations impossible. The statute is carefully drawn. An

experienced and competent police officer carefully performed the duty imposed upon him and he gave the driver of the truck ample opportunity to check his method of weighing. The defendants have presented no defense of merit.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.