**People of the State of Illinois, Plaintiff-Appellee, v. John S. Fraschetti, Defendant-Appellant.**

**Gen. No. 50,219.**

First District, Third Division.

July 28, 1966.

Joseph I. Bulger, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, James Zagel and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment finding defendant guilty of operating a truck in excess of the statutory

limit and imposing a fine of $1,780. The truck weighed 89,800 pounds, or 17,800 pounds in excess of the prescribed statutory maximum of 72,000 pounds. The fine was computed on the basis of the method provided by statute, and the computation is not disputed. The sole point raised by defendant is that the State failed to prove beyond a reasonable doubt that defendant was guilty of the violation with which he was charged.

Section 132 of the Illinois Motor Vehicle Act (Ill Rev Stats, c 95½, § 229 (1963)) provides that:

> "(a)   Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales. If such scales are not available at the place where such vehicle is stopped, the police officer shall require that such vehicle be driven to the nearest public scales."

On September 7, 1963, Sergeant Richard Walsh of the Special Investigation Traffic Unit observed a five-axle tractor-trailer unit operating in the 1000 block of East 130th Street in the city of Chicago. He testified that judging from the size of the load, pull of the motor and the position of the springs, he had reason to believe the truck was overweight. He stopped the vehicle and directed defendant to proceed to a scale located at 95th Street and Stony Island Avenue in Chicago. The scale had a 10' x 8' platform and bore a seal issued by the office of the City Sealer of the city of Chicago.

Since the scale could not accommodate the entire vehicle, Sergeant Walsh directed the driver to position the steering axle on the scale while Walsh and the weighmaster observed the scale indicator. When the steering axle was in position on the platform, the scale registered 8,540 pounds. The weighmaster had placed a weight ticket in the scale and the scale automatically printed the

finding of 8,540 pounds on the ticket. The procedure was repeated for each of the remaining four axles, and they registered 18,830, 18,910, 21,780 and 21,740 pounds, respectively, bringing the total weight of the vehicle to 89,800 pounds. The second and third axles of that particular vehicle operate in tandem and are separated by a distance of 4' 3". The fourth and fifth axles, or trailer axles, are also in tandem and are separated by a distance of 4' 3".

Sergeant Walsh testified to the weights indicated by the scale. The weight ticket prepared by the weighmaster was also admitted into evidence over the objection of defense counsel. Defendant offered no defense and in no way attempted to rebut the testimony regarding the weight measurements.

On appeal, defendant contends that the method of weighing used by Sergeant Walsh was inaccurate and that it necessarily produced a speculative result. For that reason the defendant argues that the State failed to meet its burden of proof.

The issues in the instant case have been definitely settled by the decision of this court in People v. Fair, 61 Ill App2d 360, 210 NE2d 593 (petition for leave to appeal denied, 33 Ill2d 625). In that case a police officer halted a five-axle, semidump truck on his observation that it was overloaded. He followed the vehicle to the nearest available scale and weighed it by taking three separate measurements and totaling them. The scale had been recently tested and bore the decalcomania of the Department of Agriculture of the state of Illinois. In the instant case the scale bore the seal of the city of Chicago. The truck in the Fair case was found to be 18,980 pounds overweight, and the defendant was accordingly fined $1,890.

The statute directs police officers to weigh vehicles "either by means of a portable or stationary scales,"

and as we noted in the Fair case, portable scales which could weigh such trucks in a single draft are obviously impractical. Stationary scales capable of weighing an entire tractor-trailer combination of this size are, of course, rare and it would frustrate the purposes of the Act to limit the probative evidence on weight to that shown by a scale capable of accommodating the entire vehicle.

The language of the Act directs the arresting officers to reduce the load of an overweight vehicle before allowing it to return to the highway. The great overweight in the instant case made such action impractical, and as a result the State can protect its highways against these excessive loadings only by imposing penalties. It would be unreasonable to interpret the Act as requiring weighing procedures which would in turn require operating a heavy load to a distant point where a scale could be found which could weigh the entire truck in one weighing.

We said in People v. Fair, supra, (p 367) :

> "The statute in question is designed to regulate an area of transportation, one important to the health and welfare of the people of the state, but it also involves abuses and dangers. Assuming the validity of the statute, which is not questioned, we must recognize that to impose upon its legal enforcement impractical requirements for proof of such matters as men in the ordinary course of business take for granted would make detection and punishment of violations impossible."

The officer who made the arrest in the instant case was a member of the Special Investigation Traffic Unit, and it was his duty to observe and judge the weight of vehicles. The vehicle in question was a dump truck. Hence, the size and nature of its cargo was readily observable. The officer further testified, as we have

452

said, that he judged this to be an overload by the size of the load, the pull of the motor, and the position of the springs. No testimony was presented to rebut that finding, and the excessive overweight makes objections to the method of weighing appear hypertechnical. The State has proved the violation beyond a reasonable doubt.

Although defendant does not make the point in his Statement of Points and Authorities, he casually questions the adequacy of the complaint filed by the State. The State appears to have filed a proper information under oath before the case went to trial.

Finally, defendant challenges the admissibility of the weight ticket as evidence, although this was not included in his Points and Authorities either. The ticket was printed by the scale itself and merely constitutes corroborative evidence as to measurements taken by the device. In our opinion the ticket produced by the scale itself is as sound evidence as the figures on the indicator, but since the testimony of the arresting officer was not controverted, the admission of the weight ticket even if erroneous is not reversible error.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.