People of the State of Illinois, Plaintiff-Appellee,
v. Stanley J. Andrews, Defendant-Appellant.

Gen. No. 50,230.

First District, Third Division.

March 9, 1967.

Joseph I. Bulger, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was convicted in May, 1961, on the charge of operating a truck that weighed 11,380 pounds in excess of the limit prescribed by statute and fined $1,138 in accordance with the provisions of the Act. Ill Rev Stats, c 95½, § 228(b) (1965). This appeal is one of approximately 29 such cases which have been presented to this court, three of which have already been decided—People v. Fair, 61 Ill App2d 360, 210 NE2d 593; People v. Fraschetti, 73 Ill App2d 449, 220 NE2d 98; People v. Hansen, 74 Ill App2d 49, 220 NE2d 96. The State has now moved to dismiss this appeal and thirteen similar cases on the ground that the errors charged cannot be reviewed without a bill of exceptions or a report of proceedings and that no genuine document of that kind has been filed.

Defendant was arrested on September 6, 1960. The record shows that a written motion in arrest of judgment was filed on March 2, 1961, but the record also reveals that the case was tried and a finding of guilty entered on May 4, 1961. No other written motion in arrest of judgment or for new trial appears in the entire record, and there is no explanation anywhere with respect to the filing of the motion in arrest of judgment two months prior to the trial and conviction. Notwithstanding this, the court after finding defendant guilty on May 4, 1961, further ordered that "the motion for new trial and motion in arrest of judgment be and the same are hereby entered and continued to May 10, 1961."

The hearing on the motions was then continued to October 25, 1961, but it appears that no hearing was held in October, 1961, and that no further action was taken until April 29, 1964, at which time the court denied the motion for new trial and in arrest of judgment. In a criminal case the defendant may perfect an appeal

61

by filing a notice of appeal within thirty days after the ruling of the court on a motion in arrest of judgment or for a new trial. Supreme Court Rule 27(7)(a), Illinois Revised Statutes, c 110, § 101.27(7)(a) (1965). Exactly thirty days after the denial of the motions, or on May 29, 1964, the defendant filed a notice of appeal. The rules provide that the record be filed in the reviewing court within sixty days from the date of the filing of the notice of appeal and that the trial court or the reviewing court may for good cause extend the time for filing the record in the reviewing court. Supreme Court Rule 27(10), Ill Rev Stats, c 110, § 101.27(10) (1965). The following extensions of time were granted:

On July 13, 1964, defense counsel filed a verified petition stating, *"That on April 29, 1964, Judge Barth entered findings of guilty and assessed judgments against each of the defendants in the above entitled cause."* (Emphasis added); that notice of appeal had been filed, and that a transcript could not be prepared in the time allotted by law because this case was one of twenty-nine such cases, all of which were being appealed. As the record reveals, the finding of guilty was entered on *May 4, 1961,* not *April 29, 1964.* Furthermore, the report of proceedings when it was finally presented was only three pages long. Nevertheless, the court extended the time for the filing of the "transcript of proceedings" until August 17, 1964. In August, September and October of 1964, defense counsel filed additional petitions for extentions of time in which to file transcripts of proceedings alleging on all occasions that the delay was unavoidable in that twenty-nine cases were being appealed.

On November 20, 1964, defense counsel presented another verified petition. On that occasion he averred that the court reporter had transcribed 20 of the 29 pending cases *and had lost the shorthand notes in the other nine cases.* He further alleged that he had reached an agreement with the State's Attorney to the effect that they

would prepare an agreed statement of facts in the other cases. The time for filing was extended to December 23, 1964.

On December 21, 1964, counsel filed another petition. This time he alleged that the court reporter had died and that his notes were destroyed; that the trucking companies involved in three of the cases had gone out of business; that the individual truck drivers could not pay the fines imposed by the court; and that the State's Attorney refused to cooperate with him in the preparation of an agreed statement of facts. He further alleged:

> "That it is due to the fact that these cases were pending for more than two years before final disposition has contributed to this dilemma; that there is attached hereto and made a part hereof an affidavit by said William J. Cleary [the court reporting firm] in support of the relief prayed."

*No such exhibit is appended to this record.*

The next document to appear in the record is an order signed by the trial court and dated December 29, 1964. The phrase, "transcript of proceedings" is scratched out, and the phrase, "agreed statements of fact" is interlineated in longhand. The order provides:

> "It is hereby ordered that the time within which the defendants in the above entitled cause may file agreed statements of fact is hereby extended to and including December 29, 1964. Nunc pro tunc December 21, 1964."

It must be noted that the earlier extensions of time extended only to December 23, 1964, so that when this order was entered, the time for the filing of the transcript had run out.

On December 29, 1964, counsel submitted a document captioned, "An Agreed Statement of Fact," which purports to be a complete record of the evidence produced

at the trial. Defense counsel apparently prepared this document from his own recollection and portions of it are typed, while other portions are written in longhand. The document is three pages long. The State's Attorney present at that conference refused to stipulate to the accuracy of the document. Although there was no agreement between the parties and no rehearing of the evidence, the court certified the document to be "a full, true and complete transcript of all the evidence taken and offered at the hearing of the case and the rulings of the court with respect to such evidence."

Seven months had elapsed between the filing of the notice of appeal and the certification of the three page "agreed statement of fact," and no explanation of the extraordinary character of these post conviction proceedings appears. Counsel in his petition filed December 21, 1964, alleged however "[t]hat the fines levied in the above matters have been levied against the individual truck drivers in large amounts and if they are not able to perfect their appeals due to the loss of the transcripts an injustice and hardship will be done each of them, as they will have to find some way to pay the specific fine."

The motion to dismiss this appeal involves two basic issues: (1) whether the document filed in lieu of a report of proceedings has any official standing before this court; and (2) whether the facts alleged by defendant warrant a reversal of the judgment below.

 If a report of proceedings in unavailable, the parties to the suit may stipulate to the facts and incorporate their agreed statement into the record for purposes of review. Ill Rev Stats, c 110, § 101.36(1)(d) (1965). A somewhat different situation exists when a litigant presents a purported report of proceedings to the court for certification and his adversary contests the accuracy or authenticity of the transcript. In that case the party seeking certification must substantiate

matters contained in the contested report and the trial court may hear testimony in order to resolve the dispute.[1] Feldman v. Munizzo, 16 Ill App2d 58, 147 NE 2d 427.

■ ■ The document proffered by defendant does not purport to be a true report of proceedings. Nor is it an agreed statement of fact because the State refused to stipulate to its accuracy. Since it is neither an agreed statement nor a report of proceedings, the document has no standing before this court.[2] Johnson Ford Co., Inc. v. Lewan, 71 Ill App2d 420, 218 NE2d 893. The issues

---

[1] The Supreme Court Rules were revised in November, 1966, and became effective January 1, 1967. The requirements for the certification of a report of proceedings are now set out in Supreme Court Rule 323 (c), (d). The new rules were not in effect when this case was filed, and in any event, the modifications in the rule merely codify the case law regarding the old Supreme Court Rule 36.

The new rules make it clear that the procedure for preparing a record when no verbatim transcript is available is identical in both civil and criminal appeals. Supreme Court Rule 612(c).

[2] Ill Rev Stats, c 110, § 201.1 (1965).

"(d) Agreed Statement of Facts. In lieu of a report of proceedings, the parties may by written stipulation agree upon a statement of the facts material to the controversy and present the statement to any judge qualified to certify to the correctness of a report of the proceedings in said case, for his certificate of correctness, and file the same, duly certified, in the trial court within 50 days after the notice of appeal shall have been filed, subject to the same provisions as to extensions hereinbefore set forth regarding the filing of a report of proceedings."

In Johnson Ford Co., Inc. v. Lewan, 71 Ill App2d 420, the court said, at 422:

"As to its contents, the 'Statement of Facts' is governed by Supreme Court Rule 36. Ill Rev Stats (1963) c 110, § 101.36. The document must be a report of proceedings setting forth the testimony, the rulings of the trial judge, etc., pursuant to paragraph (1)(c); or it must be a statement of facts agreed to by the parties on written stipulation, pursuant to paragraph (1)(d). *The rule contemplates no other kind of document for preserving a record of the trial proceedings.*" (Emphasis added.)

raised by the Points and Authorities cannot be resolved by an examination of the remaining portion of the record, that is, the common-law record, and accordingly the appeal must be dismissed.

In any event the facts set forth in the proffered statement do not warrant reversal of the judgment. To summarize briefly the account of the testimony provided by the defendant, Officer Richard Walsh testified that he observed the vehicle driven by the defendant at 130th Street and Muskegon Avenue in Chicago; that from such observation he had reason to believe that it was overweight and that he stopped the defendant and ordered him to proceed to a scale located at 95th Street and Stony Island Avenue. The vehicle was too long to be weighed in a single draft and for that reason each axle was weighed separately and the weights were totalled to arrive at a gross weight figure. The arresting officer observed the scale indicator, recorded the weights shown, and testified to his observations in open court. The weighing was conducted by a deputy weighmaster on an electrically operated scale.

■ On appeal the defendant contends that the State failed to prove the violation beyond a reasonable doubt in that the axle by axle method of weighing vehicles produces a speculative result. This argument was considered by the court and rejected in several recent decisions. People v. Fair, 61 Ill App2d 360, 210 NE2d 593 (leave to appeal denied); People v. Fraschetti, 73 Ill App2d 449, 220 NE2d 98; People v. Hansen, 74 Ill App 2d 49, 220 NE2d 96. The facts presented in the instant case are substantially identical with those presented in the cases hereinbefore cited and therefore the statement of fact does not raise a defense of merit.

The motion to dismiss the appeal is granted.

Appeal dismissed.

SULLIVAN, P. J. and DEMPSEY, J., concur.