THE VILLAGE OF KILDEER, Plaintiff-Appellant, v. EDWARD C.
LaROCCO, Defendant-Appellee.

Second District   No. 2—91—1465

Opinion filed November 6, 1992.

John M. Mullen, of Libertyville, for appellant.

Douglas E. Zeit and Suzanne A. Lindsay, both of Rosing, Applehans, Smith, Ericksen & Zeit, Ltd., of Waukegan, for appellee.

JUSTICE McLAREN delivered the opinion of the court:
Plaintiff, the Village of Kildeer, appeals from the trial court's directed finding for defendant, Edward C. LaRocco, and the subsequent denial of its post-judgment motion. Defendant had been charged with violating plaintiff's municipal ordinance prohibiting overweight vehi-

cles on its roads when he allegedly drove a truck whose tandem axles (Nos. 2 and 3) exceeded the 24,000-pound limit by 10,460 pounds. (See Kildeer, Ill., Village Code §10—2—6 (19___) (hereinafter Village Code).) The trial court granted defendant's motion for a directed finding in response to his argument that a truck must be weighed in a single draft rather than on an axle-by-axle basis.

On appeal, plaintiff argues that the trial court's ruling is not supported by the record; that axle-by-axle weighing was proper and the ruling should be reversed; that plaintiff made out a *prima facie* case; and that the cause should be remanded for further proceedings. We conclude that the court's directed finding was contrary to established law and was inappropriate to the facts of this case. We reverse the judgment and remand the cause for further proceedings.

■ Local authorities and municipalities are permitted to regulate vehicle weights on the roads under their jurisdiction. (Ill. Rev. Stat. 1991, ch. 95½, pars. 15—111(g), 15—316.) The ordinance in question provides that no vehicle shall be operated on plaintiff's roads when the "gross weight on the road surface *through any axle* thereof exceeds twelve thousand (12,000) pounds." (Emphasis added.) (Village Code, §10—2—6.) The ordinance further provides that any "series of two or more single axles whose centers are more than 40 inches and not more than 96 inches apart *** shall be defined as tandem axles and the gross weight transmitted to the road surface through such series shall not exceed twenty-four thousand (24,000) pounds and *no single axle* of this series shall exceed the maximum weight permitted under this section for a single axle." (Emphasis added.) Village Code, §10—2—6.

The record discloses that, on June 3, 1991, Officer Robert Zujewski was on routine patrol near the intersection of West Cuba Road and Route 12 when he observed defendant's truck make a turn on Cuba Road. The truck was carrying a very heavy load—a big "dozer"—and the road was posted with a weight limit of six tons (12,000 pounds) per axle. Zujewski had received prior training in truck regulation and weighing from the Illinois State Police. He noticed that the truck's tires were unusually deflected due to the weight of the load of the large bulldozer.

The officer stopped the vehicle and asked defendant, whom he identified as the driver, if he had seen the six-ton-per-axle limit sign, and defendant replied that he had. Officer Zujewski instructed defendant to take the vehicle to the nearest available scale in Buffalo Grove, where the officer proceeded to weigh the vehicle on an axle-by-axle basis. Zujewski testified that the scale "zeroed" before and after each

weighing and that the scale appeared to be operating accurately at all times. The second axle was over the six-ton limit by 5,380 pounds, and the third axle exceeded the limit by 5,080 pounds, giving a total of 10,460 pounds. On the scale appeared a United States Department of Agriculture sticker dated June 1991.

The officer testified that the weighing was done in accordance with the method that he had been taught by the Illinois State Police. He stated that the distance between the second and third axles was approximately 51 inches. Plaintiff sought to introduce the computer printout from the scale over the objection of defendant, who argued that the weighing must be done in a single draft. The court ruled the printout admissible.

On cross-examination, the officer admitted that he did not weigh the vehicle in a single draft; he had weighed it on a single-axle basis as he had been instructed to do. He also noted that the scale had a sticker on it and it had "zeroed" before and after the weighing indicating that the weight was accurate.

When plaintiff rested, defendant moved for a directed finding. He argued that the Illinois Weights and Measures Act (Act) (Ill. Rev. Stat. 1991, ch. 147, par. 101 *et seq.*) incorporates Handbook 44 of the United States Department of Commerce National Institute of Standards and Technology (Handbook) (National Institute of Standards and Technology Handbook 44 (1991)). That handbook in turn provides that in *commercial* weighing a vehicle shall be weighed only as a single draft. (Handbook, par. UR.3.3.) The relevant sections of the Illinois statute were not cited, nor was the Handbook introduced into evidence or offered for judicial notice. Plaintiff countered that single-draft weighing was not required for *law enforcement* purposes, citing *People v. Fair* (1965), 61 Ill. App. 2d 360, where a similar defense objection was rejected. The trial court agreed with defendant and granted a directed finding in his favor.

Following the denial of plaintiff's motion to reconsider, this appeal was timely filed. On appeal, plaintiff argues that (1) the trial court misapprehended the gravamen of the complaint because it concerns a per-axle weight violation rather than a gross vehicle weight violation; therefore, single-draft weighing is inapplicable; and (2) the Act does not mandate single-draft weighing for law enforcement purposes, that is, for the enforcement by police of statutes or ordinances regarding the operation of overweight vehicles on the roads of this State.

Defendant argues that (1) plaintiff failed to prove beyond a reasonable doubt the accuracy of the weighing process; and (2) the weighing process was not performed in accordance with Illinois law.

We believe plaintiff's arguments are persuasive while defendant's arguments find no support in law or in fact.

The relevant question before us is whether, based on the evidence and the applicable law, the trial court properly made a directed finding for defendant. Additionally, because the parties have misapprehended the nature of the proof required, this court must recite the applicable standard of proof in this type of proceeding.

■■ ■ This proceeding involves the prosecution of a violation of a municipal ordinance for the recovery of a fine. Where the prosecution for a violation of a municipal ordinance is to recover a fine or a penalty only, although the proceeding is of a quasi-criminal nature, it is civil in form, and the cause is tried and reviewed as a civil proceeding. (*Village of Mundelein v. Taylor* (1985), 130 Ill. App. 3d 819, 822.) A municipality is therefore permitted to appeal from final rulings in such cases. (*City of Naperville v. Bernard* (1985), 139 Ill. App. 3d 784, 785.) The plaintiff's burden of proof in such cases is that of the civil standard, a preponderance of the evidence, occasionally described as a clear preponderance of the evidence, rather than the reasonable doubt standard of criminal prosecutions. (*Village of Beckmeyer v. Wheelan* (1991), 212 Ill. App. 3d 287, 290, citing *City of Chicago v. Joyce* (1967), 38 Ill. 2d 368, 373.) To that extent, this case differs from the cases cited by the parties, such as *Fair* (61 Ill. App. 2d 360), and *People v. Fraschetti* (1966), 73 Ill. App. 2d 449, which concerned prosecutions under State statutes. The applicable standard in the present case is a clear preponderance of the evidence.

In a bench trial, when a defendant moves for a directed finding at the conclusion of the plaintiff's case, the court must weigh the evidence, considering the credibility of the witnesses and the weight and quality of the evidence (Ill. Rev. Stat. 1991, ch. 110, par. 2—1110; *Prevendar v. Thonn* (1988), 166 Ill. App. 3d 30, 34), and draw reasonable inferences from the testimony (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154). The trial court determines, in the first instance, whether the plaintiff has made out a *prima facie* case, that is, whether the plaintiff has presented at least some evidence on every element necessary to his cause of action. (*Kokinis*, 81 Ill. 2d at 154.) The failure to introduce such evidence warrants a directed finding in favor of the defendant. (81 Ill. 2d at 155.) However, if the court determines that the plaintiff has made out a *prima facie* case, the court, as the finder of fact, must then weigh the plaintiff's evidence. This weighing process may result in the negation of some of the evidence necessary to the plaintiff's *prima facie* case, in which event the court should grant the defendant's motion and enter judgment in his favor. (81 Ill. 2d at

155.) The court is *not* to view the evidence in the light most favorable to the plaintiff. 81 Ill. 2d at 154.

With these principles in mind, we consider whether the court erroneously entered a directed finding for defendant. Here, the question whether plaintiff made out a *prima facie* case depends on the propriety of the axle-by-axle weighing as it affects the competency of the evidence of overweight on the two axles involved. We point out that this was an excessive weight *per axle* type of violation, not a gross vehicle weight violation. The ordinance is very clear that it is the excess weight transmitted by any given axle that gives rise to the violation. The obvious purpose of the ordinance is to prevent excessive weight on road surfaces which would cause their deterioration and any consequential injury to the traveling public and to the taxpayers.

There was no objective evidence or (expert) testimony presented by defendant to show that weight was being shifted from one axle to the other because of the individual axle weighings. Defendant's argument that the axle-by-axle method made the weighing inaccurate is speculative at best. Our courts have rejected this type of argument several times—even in gross weight violation cases. (See *People v. Andrews* (1967), 82 Ill. App. 2d 59, 66; *People v. Hansen* (1966), 74 Ill. App. 2d 49, 52; *Fraschetti*, 73 Ill. App. 2d at 452-53; *Fair*, 61 Ill. App. 2d at 367.) Indeed, this argument has been deemed "hypercritical and frivolous." (*Hansen*, 74 Ill. App. 2d at 52.) In the absence of any competent evidence that axle-by-axle weighing is grossly inaccurate, these cases have continuing vitality and are applicable to the case at bar.

Furthermore, defendant points to no explicit statutory provision that invalidates the holding of *Fair* and its progeny which have approved the axle-by-axle method of weighing vehicles in gross vehicle weight violation cases. We also find misplaced defendant's reliance on the national standards (Handbook 44) incorporated into the Weights and Measures Act for the *commercial* weighing of vehicles in one draft. This argument has also been rejected in *Fair* (61 Ill. App. 2d at 367). The *Fair* court explained that, since the Illinois Motor Vehicle Act (Ill. Rev. Stat. 1963, ch. 95½, par. 229) then in force provided that arresting officers may weigh a truck either by portable or stationary scales, it obviously would be impractical for law enforcement to use the portable scales to weigh vehicles in one draft. This provision has been retained in the current code. (See Ill. Rev. Stat. 1991, ch. 95½, par. 15—112.) The statute was construed to permit axle-by-axle weighing for law enforcement purposes. (See *Fraschetti*, 73 Ill. App. 2d at 452.) We also point out that Handbook 44 specifically rec-

ognizes portable axle-load weighers "for the enforcement of traffic and highway laws." Handbook 44 §A.2, at 2-3.

In examining the evidence adduced by plaintiff, we believe that plaintiff has established a *prima facie* case of the overweight violation. The officer testified that he observed an overweight vehicle with deflected tires; that he weighed the vehicle according to established procedures; that the scale had "zeroed" and was working accurately; and that it had an official sticker. The printout was admitted into evidence. The officer's testimony was sufficient to make out a *prima facie* case. (See *People v. Jackson* (1981), 98 Ill. App. 3d 418, 422; *Fair*, 61 Ill. App. 2d at 366.) There was no contrary evidence presented, and the cross-examination of the officer regarding his method of weighing does not rebut or negate plaintiff's *prima facie* case. The trial court improperly relied on defendant's argument that axle-by-axle weighing was impermissible. In the absence of any evidence indicating that the weighing was inaccurate and where there is no indication that the evidence was unsatisfactory or incredible, the trial court should not have made a directed finding for defendant.

For the foregoing reasons, we reverse the judgment of the circuit court of Lake County and remand the cause for further proceedings.

Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.