2019 IL App (2d) 180673
No. 2-18-0673
Opinion filed September 25, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE VILLAGE OF LISLE, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18-OV-422 |
| | ) | |
| PETER SPELSON, | ) | Honorable |
| | ) | Christine T. Cody, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Zenoff and Burke concurred in the judgment and opinion.

## OPINION

¶ 1    Following a bench trial, defendant, Peter Spelson, was found to have violated a Village of Lisle (Village) ordinance prohibiting parking in a handicapped parking space. He appeals, contending that the space in question was not properly reserved for handicapped parking. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    At trial, Lisle police officer Schebo testified that she was dispatched to an Extended Stay of America to investigate a complaint that a vehicle was improperly parked in a handicapped space. She saw a white Cadillac registered to defendant parked directly over a large blue and white wheelchair symbol.

¶ 4    Defendant testified that he was parked on the west side of the hotel. There was no handicapped sign directly in front of the space. A sign hung on a pillar to the left of that space. The space was approximately 92 inches wide. He did not notice the blue wheelchair symbol on that date.

¶ 5    On cross-examination, defendant testified that he had lived at the Extended Stay for about a year. He said that, over the course of the year, he had routinely parked in one of two parking lots adjacent to the building and was familiar with the layout of the parking lot, including the handicapped spot at issue.

¶ 6    Defendant argued that the configuration and dimensions of the parking space and the placement of the sign failed to give him reasonable notice that the space was reserved for handicapped parking.

¶ 7    The court found defendant guilty, concluding that defendant was not credible and that the markings and signage were sufficient to put a reasonable person on notice that the spot was designated for handicapped use. The court found that defendant specifically knew that he had parked in a handicapped spot. The court fined defendant $295, including court costs. Defendant timely appeals.

¶ 8                                    II. ANALYSIS

¶ 9    Defendant contends that the space in which he parked did not meet the statutory guidelines for a handicapped parking space, and thus he could not be found guilty as a matter of law. He further argues that the court's finding that a reasonable person would have recognized it as a handicapped space was both legally irrelevant and against the manifest weight of the evidence.

¶ 10   The Village has not filed a brief. Because the issues are relatively simple, we can resolve them pursuant to the standard of *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 11   Defendant was charged with violating a municipal ordinance. The burden of proof in such cases is a preponderance of the evidence, rather than the reasonable-doubt standard of criminal prosecutions. *Village of Kildeer v. LaRocco*, 237 Ill. App. 3d 208, 211 (1992). The standard of review in a civil bench trial is whether the judgment is against the manifest weight of the evidence. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 859 (2008). To the extent, however, that the issues implicate the construction of the ordinance or whether the ordinance is consistent with the controlling state statutes, our review is *de novo*. *In re Christopher K.*, 217 Ill. 2d 348, 364 (2005).

¶ 12   Defendant was found to have violated section 10-2-6-3(A) of the Lisle Village Code, which provides in relevant part, "It shall be unlawful to park any motor vehicle which is not bearing registration plates to a physically handicapped or to a disabled veteran *** in any parking place for motor vehicles bearing such registration, plates, decals, cards or devices." Lisle Village Code § 10-2-6-3(A) (eff. Mar. 21, 1988). The ordinance does not define what constitutes a "parking place for motor vehicles bearing such registration." Defendant contends that the ordinance necessarily incorporates the standards promulgated by the Capital Development Board (Board), pursuant to the legislative mandate found in the Environmental Barriers Act (Act) (410 ILCS 25/1 *et seq.* (West 2016)). Thus, a brief history of the Act and the implementing regulations, as well as other companion legislation, is necessary.

¶ 13   In 1985, the Act took effect. See Pub. Act 84-948 (eff. Sept. 25, 1985). The legislature found that environmentally limited persons are often denied access to public facilities due to

environmental barriers and that the integration of such people into the mainstream of society furthers the state's goal of allowing all people to live independently and to fully participate in community life. 410 ILCS 25/2 (West 2016). Accordingly, eliminating environmental barriers is an object of serious public concern, and the Act should be liberally construed to that end. *Id.* The legislature directed the Board to promulgate accessibility standards. *Id.* § 4. The Act's provisions and the implementing regulations are minimum requirements for all governmental units. *Id.* § 8. "Any governmental unit may enact more stringent requirements to increase and facilitate access to the built environment by individuals with disabilities." *Id.*

¶ 14    As relevant here, the Board promulgated regulations providing for handicapped parking spaces at public facilities. Those regulations provide that each space should be 16 feet wide, including an 8-foot, diagonally striped access aisle. 71 Ill. Adm. Code 400.310(c)(3), amended at 21 Ill. Reg. 14512 (eff. Oct. 24, 1997). "A high quality yellow paint recommended by the paint manufacturer for pavement striping shall be used." *Id.* Each space is to be marked by a sign containing the international symbol of accessibility and the words " '$100 Fines.' " *Id.* § 400.310(c)(7), amended at 21 Ill. Reg. 14513 (eff. Oct. 24, 1997). "Signs shall be vertically mounted on a post or wall at [the] front center of the parking space, no more than 5 feet horizontally from the front of the parking space and set a minimum of 4 feet from finished grade to the bottom of the sign." *Id.*

¶ 15    The Illinois Vehicle Code requires the Department of Transportation to adopt a sign manual. 625 ILCS 5/11-301(a) (West 2016). "Signs adopted by the Department to designate the reservation of parking facilities for a person with disabilities shall also exhibit, in a manner determined by the Department, the words '$100 Fine'." *Id.* § 11-301(b).

¶ 16   Section 11-1301.3 of the Illinois Vehicle Code provides, "It shall be prohibited to park any motor vehicle which is not properly displaying registration plates or decals *** in any parking place *** specifically reserved, by the posting of an official sign as designated under Section 11-301, for motor vehicles displaying such registration plates." *Id.* § 11-1301.3(a). That section further provides:

> "It shall not be a defense to a charge under this Section that either the sign posted pursuant to this Section or the intended accessible parking place does not comply with the technical requirements of Section 11-301, Department regulations, or local ordinance if a reasonable person would be made aware by the sign or notice on or near the parking place that the place is reserved for a person with disabilities." *Id.* § 11-1301.3(c).

¶ 17   Defendant argues that the space at issue did not comply with the regulations in several respects: it was less than 16 feet wide, it was not marked by a sign mounted on a pole at the front center of the space, the striping on the access aisle was white rather than yellow, and the sign did not specify the amount of the fine. As noted, section 11-1301.3(c) provides that it is not a defense that a space does not conform to the technical requirements, so long as a reasonable person would recognize it as a space reserved for those with disabilities. *Id.* Defendant argues, however, that the Lisle ordinance does not expressly incorporate this exception and thus he is not prohibited from relying on such a defense. We disagree.

¶ 18   We first note that, although the ordinance does not expressly incorporate section 11-1301.3(c), neither does it expressly incorporate the regulations on which defendant relies. Defendant makes no reasoned argument for why it should incorporate only the latter. Indeed, incorporating only the regulations would violate the Act, which provides that local governments may provide more (but not less) stringent requirements to increase access. 410 ILCS 25/8 (West

2016). Defendant's proposed reading of the ordinance, incorporating the strict technical requirements for creating a reserved parking space but not section 11-1301.3(c), would have the opposite effect. In practical terms, only a space meeting all of the technical requirements would be reserved for handicapped parking. If a space failed to meet any of those requirements, anyone could park there with impunity. If a sign became bent during a storm or the "bright yellow" paint faded over time, a space would cease to be reserved for handicapped access. This is contrary to what the legislature intended.

¶ 19    Apparently anticipating this result, defendant argues that the requirement of a sign is not "technical" and that the space here was marked by no sign whatsoever. This is simply wrong. The large blue symbol painted on the pavement could certainly be considered a sign. Moreover, a metal sign was attached to a pillar in front of the access area. The regulations define a "space" as including the access aisle, and thus, technically, the sign in front of the access aisle was in front of the "space."

¶ 20    Defendant maintains that the sheer number of deficiencies in the space means that they cannot be considered "technical." However, the court reasonably found that the defects did not prevent a reasonable person from recognizing it as a handicapped parking space. As noted, the purpose of the statutory scheme is to provide access to the greatest extent possible. In so doing, section 11-1301.3(c) essentially provides that defects that do not prevent a reasonable person from recognizing the space as reserved for handicapped parking are considered technical. 625 ILCS 5/11-1301.3(c) (West 2016).

¶ 21    Defendant claims that the trial court erred by focusing on his personal knowledge rather than on the reasonable-person standard. We disagree. The court did find that defendant knew that

the space was designated for handicapped parking, but it also expressly found that the markings were sufficient to put a reasonable person on notice.

¶ 22    Defendant contends that the latter finding was against the manifest weight of the evidence, but he fails to cite any contrary evidence. No evidence in the record, for example, suggests that a reasonable person would fail to see the large blue wheelchair symbol painted on the pavement, the crosshatched access aisle, and the sign mounted in front of the access aisle, or would fail to understand the meaning of these common symbols.

¶ 23    Defendant contends that it is possible that a car's hood could obscure the painted symbol on the ground and that (because they are white rather than yellow) the stripes marking the access area could be mistaken for an indication of the entrance to the motel. However, this is pure speculation, insufficient to warrant reversal of the court's findings.

¶ 24                                 III. CONCLUSION

¶ 25    The judgment of the circuit court of Du Page County is affirmed.

¶ 26    Affirmed.

**No. 2-18-0673**

| | |
|---|---|
| **Cite as:** | *Village of Lisle v. Spelson*, 2019 IL App (2d) 180673 |
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 18-OV-422; the Hon. Christine T. Cody, Judge, presiding. |
| **Attorneys for Appellant:** | Philip J. Piscopo, of Law Offices of Cooper, Storm & Piscopo, of Geneva, for appellant. |
| **Attorneys for Appellee:** | No brief filed for appellee. |