2022 IL App (2d) 210599-U
No. 2-21-0599
Order filed August 15, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| WAYNE T. SEYMOUR, | ) | Appeal from the Circuit Court |
| | ) | of Ogle County. |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | No. 20-CH-8 |
| | ) | |
| RICHARD H. WELKER and JEAN ELLEN | ) | |
| WELKER, | ) | Honorable |
| | ) | John C. Redington, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Bridges and Justice McLaren concurred in the judgment.

**ORDER**

¶ 1   *Held*:  At the bench trial on plaintiff's complaint to declare an easement by necessity across defendants' property, plaintiff failed to prove that his property was landlocked when it was severed from defendants' property. Rather, at the time of severance, plaintiff's father and predecessor in title accessed the property through an adjacent tract, title to which he had transferred to a trust in his name.

¶ 2   Plaintiff, Wayne T. Seymour, filed a complaint in the circuit court of Ogle County seeking declaration of an easement on a driveway on property owned by defendants, Richard H. Welker and Jean Ellen Welker. Plaintiff claimed the easement was necessary to afford him access to his

own property, which was otherwise landlocked. Following a bench trial, the trial court entered judgment for defendants, and plaintiff filed a timely notice of appeal. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In 1996, defendants purchased a 23.791-acre parcel of land in Ogle County. Defendants' parcel was located west of Conger Road (which runs north and south). The parcel did not border Conger Road but was accessible from Conger Road via a 718-foot driveway extending east from the southern boundary of the parcel.

¶ 5     When defendants purchased their parcel, it was bordered on the south by two parcels. The eastern parcel is owned by David L. Snyder and Carol C. Snyder. The western parcel was owned at one point by plaintiff's father, Jack W. Seymour (Jack), who is now deceased. During his life, Jack formed a trust known as the "Jack W. Seymour Trust" (Trust) and transferred the western parcel to the Trust (Trust parcel). Both the Snyders' parcel and the Trust parcel had access to Conger Road via a shared driveway running along the entire combined length of the parcels' northern borders. The Snyders and the Trust each held an undivided one-half interest in the property comprising the driveway.

¶ 6     In 2001, defendants subdivided their parcel into an eastern parcel, which was directly north of the Snyders' parcel, and a western parcel (the "back parcel"), which was directly north of Trust parcel. Contemporaneously with the division, defendants sold the back parcel to Jack, who accessed it from Conger Road via the shared driveway running across the Snyders' parcel and the Trust parcel. Defendants retained the eastern parcel. In 2006, Jack sold the back parcel to plaintiff, who also accessed it via the shared driveway. After Jack's death, the Trust parcel was sold to Brian P. Zopel and Brenda Zopel. David L. Snyder informed plaintiff that he (plaintiff) would no longer be permitted to use the Snyders' and the Zopels' shared driveway. Thus, plaintiff no longer had

access to the back parcel. Plaintiff brought this suit to establish an implied easement by necessity on the driveway from Conger Road to defendants' parcel. Following a bench trial at which the court heard the evidence described above, the court entered judgment for defendants. This appeal followed.

¶ 7                                                    II. ANALYSIS

¶ 8      Plaintiff argues on appeal that the evidence at the bench trial established his right to an implied easement by necessity on defendants' parcel so that he may access the otherwise landlocked back parcel.

¶ 9      "The standard of review in a civil bench trial is whether the judgment is against the manifest weight of the evidence." *Village of Lisle v. Spelson*, 2019 IL App (2d) 180673, ¶ 11. "A judgment is against the manifest weight of the evidence where the opposite conclusion is apparent or when the court's findings appear to be unreasonable, arbitrary, or not based on the evidence." *Camelot, Inc. v. Burke Burns & Pinelli, Ltd.*, 2021 IL App (2d) 200208, ¶ 50.

¶ 10     In evaluating the trial court's decision, we are guided by the following general principles of *Katsoyannis v. Findlay*, 2016 IL App (1st) 150036, ¶ 28:

> "An easement is an individual's right or privilege, for a limited purpose, to either pass over or use the land of another. [Citation.] An implied easement is the product of the parties' intention and is 'implied' because courts must attempt to ascribe an intention to parties who failed to express their intentions at the time of conveyance. [Citations.] *To establish an easement by necessity, the plaintiff must present evidence 'that his property and the defendants' property were owned by a common grantor, that the properties were severed, and that at the time of severance his parcel become landlocked.'* [Citation.] An implied easement by necessity generally arises where, without the easement, the property

has no ready means of ingress or egress. [Citation.] In such circumstances, the owner of the landlocked property is deemed to have a right-of-way for ingress and egress across another's land. [Citation.] Proof of necessity alone furnishes the probable inference of the parties' intention because the parties presumably did not intend to render the land inaccessible. [Citation.]"

¶ 11 As the emphasized language in the above passage explains, to establish an implied easement by necessity, a landowner must show that the landowner's property became landlocked when severed from the parcel on which the easement is claimed. Plaintiff faces a significant hurdle in making that showing here. At the time the back parcel was severed from defendants' property, the new owner of the back parcel (Jack) had access to that parcel from the Trust parcel, which was accessible from Conger Road via the shared driveway running across the Snyders' parcel and the Trust parcel. To clear that hurdle, plaintiff argues that "Jack *** and [the Trust] are not the same person, as each is a legal entity." Plaintiff argues that Jack merely had "a permissive license[ ] from the Seymour Trust to access the property." Plaintiff's argument, as we understand it, is that, when Jack acquired the back parcel, he had no enforceable right of access to the Trust parcel; he was merely allowed onto that parcel as a matter of courtesy, and the permission from the Seymour Trust could be withdrawn at any time, leaving him without access to the back parcel. The argument is meritless.

¶ 12 A trust is a "fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." Restatement (Second) of Trusts § 2 (1959). As explained in *Uskup v. Johnson*, 2020 IL App (1st) 200330, ¶ 23:

> "Once a trust is created and property is transferred into the trust, the trustee holds legal title to the property while the beneficiary holds the equitable title. [Citation.] However, the trustee's holding of legal title to the property and his actions with respect to that property are determined by the instrument that creates the trust, and the trustee must manage the trust and its property in accordance with the terms of the trust. [Citation.]"

At trial, no evidence was presented regarding the terms of the Trust and Jack's rights under the Trust regarding the property held therein. Thus, plaintiff's insistence that Jack had merely "a permissive license," not an enforceable right, to access the Trust parcel (and thus the adjacent back parcel) is pure speculation. Unfortunately for plaintiff, the uncertainty on this point must be resolved in defendants' favor. "The party claiming an easement bears the burden of proof to demonstrate facts necessary to create an implied easement and such proof must be by clear and convincing evidence." *Katsoyannis*, 2016 IL App (1st) 150036, ¶ 28. Plaintiff's speculative assertion that the Trust conferred no enforceable right to access the Trust parcel is insufficient to meet his burden of proof. Consequently, we cannot say that the trial court's judgment for defendants was against the manifest weight of the evidence.

¶ 13                                  III. CONCLUSION

¶ 14    For the reasons stated, we affirm the judgment of the circuit court of Ogle County.

¶ 15    Affirmed.