(No. 42973.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT W. CANNON, SR., Appellant.

*Opinion filed September 29, 1970.*

ORTHELDO A. PEITHMAN, of Farmer City, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and CLEMENT M. TOOHILL, State's Attorney, of Clinton, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On March 25, 1969, the grand jury of De Witt County returned an indictment in two counts, the first of which charged the defendant, Robert Cannon, Sr., with aggravated incest, and the second with indecent liberties with a child. On April 3, 1969, the defendant entered a plea of not guilty, and the case was set for trial. On May 14, 1969, after a full admonition, the defendant withdrew his plea of not guilty to the second count of the indictment and entered a plea of guilty to that count. The motion of the People to quash the first count was then allowed, evidence in mitigation and aggravation was heard, and the defendant was sentenced to the penitentiary for a term of not less than four nor more than ten years. Thereafter, the defendant filed a post-conviction petition which was denied, and he has appealed.

The only one of the defendant's contentions that has been argued in this court concerns the legality of the election of the board of supervisors of De Witt County under the one-man, one-vote principle. It is asserted that because the members of the board were not elected in accordance with that principle, the board was an illegal body and all of the proceedings in connection with the defendant's prosecution, including the selection of grand jurors, were illegal and in violation of his rights under the constitution of the United States and of this State.

This contention is without merit. It is unrelated to any question of the guilt or innocence of the defendant, and there is no claim in this case that the defendant was in any way adversely affected by the circumstance of which he now complains. In matters in which the issue was more directly involved, we have held that members of a county board of supervisors have *de facto* authority despite the fact that they were selected in violation of the one-man, one-vote

principle. *People* v. *O'Neill* (1965), 33 Ill.2d 184; see also *People* v. *Walcher* (1969), 42 Ill.2d 159, 164.

We have examined the claims advanced by the defendant in his post-conviction petition which were not argued in this court. They amount basically to an unsupported assertion that the accusation against him was false and that his daughter and two of his sons were coerced by threats from their mother, the defendant's wife, to refrain from asserting the defendant's innocence. Before his plea of guilty was accepted, the defendant, represented by appointed counsel, was fully and carefully admonished by the trial judge, and in the light of that admonition, the defendant's present claim cannot be entertained.

The judgment of the circuit court of De Witt County is affirmed.

*Judgment affirmed.*