People of the State of Illinois, Plaintiff-Appellee, v. David Niven, Defendant-Appellant.

Gen. No. 54,475.

First District, First Division.
October 30, 1970.
Rehearing denied November 24, 1971.

James R. Madler, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Robert A. Novelle, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a bench trial, the defendant, David Niven, was found guilty of violating chapter 95½, § 228, Ill Rev Stats 1967, in that he was driving an overweight vehicle. On appeal, defendant contends (1) that he was not weighed at the nearest available scale, as required by statute, and that he rebutted the presumption that the scale used by the police officer in weighing his truck was accurate.

The statute in question is Ill Rev Stats, 95½, § 229, which provides:

"(a)  Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales. If such scales are not available at the place where such vehicle is stopped, the police officer shall require that such vehicle be driven to the nearest available scale that has been tested and approved by the Illinois Department of Agriculture."

On January 15, 1969, defendant, while driving his 1963 5-axle tractor and dump trailer on an interstate highway, was stopped by a State Police Officer, Billy L. Stanhouse. Defendant was directed to proceed to a weigh scale at Jousama Nautical Yard, 4.6 miles from the place where he was stopped. A nearer scale was located at the Kaiser Aluminum Company, 1.5 miles from the place of stoppage. Both scales were certified by the Illinois Department of Agriculture.

The scale at the Jousama Yard that was used to weigh the vehicle was a mechanical scale transmitting the weight of the vehicle to mechanical devices. Officer Stanhouse testified that before weighing the vehicle, he ascertained that the scale had a zero reading. He then weighed the vehicle and determined that the vehicle was 11,300 pounds overweight.

Defendant testified that on the day in question, prior to being stopped by Officer Stanhouse, he loaded his vehicle with stone at the Thornton Yard of the Material Service Corporation. A receipt was issued to him before he left, which showed that the vehicle was 4,400 pounds overweight.

The weighmaster of the Thornton Yard testified on behalf of defendant and stated that the Thornton Yard used electronic scales, and that the one used to weigh defendant's vehicle was installed in September 1968, and was certified by the Illinois Department of Agriculture in September 1968. He further testified as to tests for accuracy used at the Thornton Yard and that the scale used to weigh the defendant's vehicle on January 14, 1969, was so tested and found to be accurate.

Defendant initially contends that his vehicle was not weighed at the "nearest available scale," and as the statute was not complied with, the judgment of guilt should be reversed. Defendant asserts that the word "nearest," within the statute, was a mandatory direction and not directive, and the police officer had no discretion as to which scale was to be used. Defendant argues that this interpretation should be adopted since it is a penal statute and it must be strictly construed. Defendant's authorities include People v. Isaacs, 37 Ill2d 205, 226 NE2d 38 (1967), and State v. Johnson, 43 Del 294, 46 A2d 641 (1946).

In People v. Isaacs, supra, the court stated (p 215) :

". . . we must remember that we deal here with a penal statute and must construe it strictly in favor of the accused."

In State v. Johnson, supra, the defendant was arrested for drunken driving and was taken to a justice of the peace and was found guilty. The justice of the peace to whom he was taken was not the nearest to the point of arrest. The relevant statute read (p 641) :

". . . it shall be the right and privilege of the person so arrested to have his or her case heard

and determined by a Justice of the Peace whose regular office shall be nearest to the place where such person was arrested. It shall be a sufficient defense for any person arrested as aforesaid to show by one competent witness that there is in the State of Delaware, outside of the City of Wilmington, a Justice of the Peace whose regular office is nearer to the place where such person was arrested than the Justice before whom the case is being tried."

The court reversed the conviction, stating (p 643) :

"It is my conclusion that the words 'nearest Justice of the Peace' as used in this statute mean the Justice whose regular office is the nearest to the place of arrest as measured according to the shortest usual route of travel. It follows that Mr. King did not have jurisdiction to hear and determine the case."

The State contends that the statute is directive and not mandatory, and that enforcement under it is not precluded by failure to comply with it strictly, absent a showing of prejudice. The State asserts, "The intent of the statutory duty is self-evident. The provision is couched in terms of orderly enforcement and convenience to the driver of the vehicle. The officer may not require the driver to proceed fifty or one hundred miles from his route of destination to submit his vehicle to a weighing. The statute affords the driver the right of having his vehicle weighed in close proximity of the point of arrest. The purpose of the provision is to preclude prejudicial treatment by the arresting officer. The Appellant does not offer any allegations that he was in any way prejudiced by being taken to the scale 4.6 miles from the point of arrest. The record is silent as to any allegations adequate to preclude enforcement because of prejudicial treatment."

After examining this record, we conclude that here the phrase "nearest available scale" is directive in nature and not mandatory. The fact that defendant was not taken to the nearest scale for weighing does not, of itself, render the statute unenforceable, absent a showing of prejudice. We agree with the State that

the policy behind the provision is intended to eliminate prejudicial treatment against the accused and to prevent undue burdens of traveling excessive distances to be weighed. We conclude that, absent a showing of prejudice or unfair treatment, the fact that defendant was taken to a scale a few miles farther than was necessary, while not condoned, does not render the statute unenforceable as to him.

The defendant next contends (1) that he rebutted the prima facie presumption that the scale at the Jousama Yard was accurate, arising from the fact that it was certified and therefore the State has not proved defendant guilty beyond a reasonable doubt. He argues that the scale at Material Service, where he was weighed before being stopped by Officer Stanhouse, had a more recent certification of inspection than the one where his vehicle was weighed (approximately four months); (2) that the scale at the Thornton Yard was checked for accuracy each day; and (3) that the scale was more modern and efficient than the one at Jousama.

The State contends that the defendant had the burden of rebutting the prima facie case of accuracy of the Jousama scale. The State argues that the evidence introduced by defendant in no way demonstrates any inaccuracy of this scale and does not raise a reasonable doubt as to defendant's guilt.

Among the authorities cited by the State is People v. Fair, 61 Ill App2d 360, 210 NE2d 593 (1965), where the court stated (p 366):

> "We are of the opinion that the testimony of the arresting officer and the certificate of accuracy of the scale is sufficient to make a prima facie case for the accuracy of the scale.

> "Defendant's argument with respect to the accuracy of the scales loses force by reason of the large percentage of the overweight in the instant case. Officer Haines testified the truck was 18,980 pounds over the statutory maximum of 72,000 pounds. This leaves an allowance of 26% for any possible inaccuracy, and makes the proof of violation conclusive."

The court also commented (p 367) :

"Assuming the validity of the statute, which is not questioned, we must recognize that to impose upon its legal enforcement impractical requirements for proof of such matters as men in the ordinary course of business take for granted would make detection and punishment of violations impossible."

■ The record showed that Officer Stanhouse weighed the vehicle on a certified scale under the proper procedure, all of which is not contested by defendant. Officer Stanhouse found the vehicle to be 11,300 pounds overweight; also, defendant's own evidence showed the vehicle was overweight 4,400 pounds. There is no question but that in the instant case there was a violation.

For the foregoing reasons, we conclude defendant was proved guilty of a weight violation beyond a reasonable doubt, and his conviction should stand. The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.