THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES V. ALTOBELLI, Defendant-Appellant.

(No. 53420;

First District—September 14, 1971.

Angelos & Angelos, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

The defendant, Charles V. Altobelli, was charged with operating an overweight vehicle on the highways of this State in violation of the Uniform Traffic Act (Ill. Rev. Stat. 1967, ch. 95½, par. 228.). At a bench trial he was found guilty as charged, fined $1,385 and ordered to pay the costs of the suit. This appeal is taken from that judgment.

On February 13, 1968, defendant was operating a semi-tractor and trailer on U.S. Highway 45, at a point approximately one block south of

St. Charles Road, in Cook County. He was stopped by a police officer who believed defendant's vehicle to be overweight. The officer instructed defendant to drive the vehicle to a weighing station located at 333 South Center, Hillside, Illinois, where it was determined that the truck was in fact 13,850 pounds in excess of the maximum allowable weight.

Defendant contends that the court erred in refusing to grant his motion to dismiss. That motion alleged that prosecution of the offense was barred by section 229(a) of the Uniform Traffic Act, which provides in pertinent part that "*  *  *  the police officer shall require that such vehicle be driven to the nearest available scale  *  *  *." Defendant argues that the State is precluded from prosecuting him because he was required to take his vehicle to a weighing station two miles from where he was stopped by the police officer, instead of to another station located about a mile and a half away. We do not agree with this contention. (*People v. Lee,* (Ill.App.2d), 266 N.E.2d 689 is controlling.) On that occasion we construed section 229(a) of the Uniform Traffic Act, and said: "The simple issues are only the overweight of the vehicle and its use upon the public highway. Section 229(a) merely sets out a standard of conduct or procedure for the arresting officer but these provisions have no bearing upon the guilt of the defendants. See *People v. Cannon,* 46 Ill.2d 319. In other words, the provisions of Section 229(a), upon which defendants rely, are entirely independent from the remaining provisions of the statute. The fine was not assessed against defendants because of the provisions of Section 229(a) but because of their violation of Section 228."

In *People v. Niven,* (Ill.App.2d), 264 N.E.2d 823, we held that "*  *  * the phrase 'nearest available scale' is directive in nature and not mandatory. The fact that defendant was not taken to the nearest scale for weighing does not, of itself, render the statute unenforceable, absent a showing of prejudice."

It is our conclusion that a police officer's failure to adhere to the procedure set out in section 229(a), absent a showing of prejudice, is irrelevant to a conviction based on section 228. The judgment is affirmed.

Judgment affirmed.

BURKE, and SCHWARTZ, JJ., concur.