THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* THOMAS J. LUMPP, Defendant-Appellee.

First District (4th Division)   No. 77-185

Opinion filed October 27, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Winifred H. Date, Assistant State's Attorneys of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Thomas J. Lumpp, defendant, was charged with the operation of an overweight vehicle. (Ill. Rev. Stat. 1975, ch. 95½, par. 15—111.) The State appeals from an order of the circuit court of Cook County which sustained defendant's pretrial motion to suppress evidence. Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).

We reverse and remand.

We are aware that defendant has filed no appearance or brief as appellee. The record is short and the issue presented is simple. We will therefore determine the merits of the case. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

An Illinois State trooper testified at the hearing on the motion to suppress. At about noon on April 26, 1976, he observed a five-axle, flatbed, semi-tractor trailer truck being operated in a westerly direction along 103rd Street approaching the Dan Ryan Expressway in Chicago. The officer testified that his attention was drawn to the vehicle because the trailer listed slightly to the side. Also, the rear of the trailer was riding lower than the front, and its wheels were riding on the rims. The witness related that he stopped the vehicle at 100th Street and the expressway. A check of its tires disclosed the air pressure to be normal. The officer further related that he thought the vehicle to be overweight; that defendant, who was driving the vehicle, was not arrested when it was first stopped; and that he had no warrant for defendant's arrest.

The trial court commented it was perplexed about the officer's testimony that the trailer wheels were riding on the rims but that the tire pressure was normal. The report of proceedings discloses the following colloquy between the court, the prosecutor and the witness:

"COURT: I am a little puzzled from the testimony of the officer, who I know is a good officer. He says the tires were all the way down. His closing remakr [*sic*] was that the tire pressure was normal.

MR. CLARK: Yes, there is only one conclusion you can draw from it, the rear of the vehicle was very overloaded.

COURT: Well, the pressure is normal, in spite of the tires haven't [*sic*] really been depressed.

MR. CLARK: He said the tires were down to the rim.

COURT: Yes, he did, but the air pressure was normal in the tires.

When a truck is overloaded doesn't it attempt to lower the pressure?

WITNESS: No, sir. The tire pressure in the tire remains constantly [sic], it is just that the tire would sag.

COURT: How could the tire sag without a diminishing of pressure?

WITNESS: More pressure. If I were to go get on my kids bicycle you would see the tire go flat, he gets on there and it is up, yet the tire pressure is the same inside.

COURT: Is it. I am learning a little something about the laws of physics.

WITNESS: I couldn't say.

COURT: I din't [sic] know either. As long as I don't know I have to give the benefit to the defendant. I have to grant the Motion to Suppress."

■■■ Initially, we note that a police officer may stop a vehicle upon the public highway and require the vehicle to be weighed when he has reason to believe the vehicle is overweight. Such action does not constitute an arrest or an unlawful search; nor is it necessary that probable cause exist to effect such action. (See *People v. Slonski* (1976), 40 Ill. App. 3d 319, 352 N.E.2d 292, *appeal denied* (1976), 64 Ill. 2d 598; *People v. Johanson* (1975), 28 Ill. App. 3d 82, 328 N.E.2d 331; Ill. Rev. Stat. 1975, ch. 95½, par. 15—112(a).) A circumstance which may be considered in requiring the weighing of a vehicle is the deflated appearance of its tires, whose air pressure is nonetheless found to be within the normal range. See, *e.g., People v. Johanson* (1975), 28 Ill. App. 3d 82, 328 N.E.2d 331.

■■■ The officer in the instant case observed the trailer portion of defendant's vehicle listing to one side. The trailer was riding higher in front than in the rear, and its tires were riding down to the rims. Tests of the tires at the scene, however, revealed they were properly inflated. Under the circumstances the officer had reason to believe that defendant's truck was overloaded, and he was justified in requiring defendant to submit to a weighing of the vehicle. We necessarily conclude the trial court erred in finding that the police conduct was unjustified and in suppressing the evidence.

The order of the circuit court of Cook County suppressing the evidence is reversed and the cause is remanded for further proceedings.

Reversed and remanded for further proceedings.

DIERINGER, P. J., and JOHNSON, J., concur.