413 A.2d 705

**COMMONWEALTH of Pennsylvania**

v.

**George TIRPAK, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1979.

Filed Oct. 26, 1979.

Gerald Jay Pomerantz, Philadelphia, for appellant.

Edward J. Zetusky, Jr., Assistant Solicitor for the City of Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that his conviction under the Motor Vehicle Code for operating on the highway a vehicle exceeding the prescribed weight limit must be reversed because insufficient evidence exists to prove beyond a reasonable doubt that the scales to which the police directed him to proceed for weighing were within 2 miles of the place where his vehicle was stopped. We disagree and, accordingly, affirm.

On March 20, 1978, Sergeant Donald Franklin of the City of Chester Police observed appellant's trailer truck approaching the Commodore Barry Bridge connecting New Jersey with Pennsylvania. Franklin believed the truck was overweight and, while the truck was on the bridge, overtook appellant and directed him to pull over to the curb. Upon request, appellant produced his Pennsylvania owner's card, revealing that, pursuant to the Motor Vehicle Code, the maximum gross weight permitted for his vehicle was 73,280 pounds. Franklin requested appellant to follow him to scales belonging to the City of Chester at 2nd and Dock Streets near the bridge. Appellant complied and Franklin weighed the vehicle. The scales showed that appellant's vehicle weighed 87,810 pounds, more than permitted under the terms of his ownership and the Code. Franklin issued a

traffic citation for the infraction, charging appellant with violation of the Code. On April 7, 1978, after a summary hearing, a justice of the peace found appellant guilty of violation of the Code and fined him $3,750.00 and costs of $10.00. Appellant appealed to the Court of Common Pleas for a hearing de novo. At the hearing, Franklin testified that he didn't know whether the scales were within 2 miles, but had relied on a city map drawn to scale indicating that they were. The court found appellant guilty and imposed the fine previously given. This appeal followed.

Appellant was convicted under the Motor Vehicle Code, 75 Pa.C.S.A. § 101 et seq., § 4941(a), June, 1976, P.L. 162, No. 81, § 1, eff. July 1, 1977:

"Maximum gross weight of vehicles

(a) General rule.—No vehicle or combination shall, when operated on a highway, have a gross weight exceeding 73,280 pounds."

Appellant does not contend either that the Commonwealth failed to prove beyond a reasonable doubt all the elements of this offense or that the trial court improperly imposed a fine under the penalty section of the statute, 75 Pa.C.S.A. § 4945. Rather, his sole contention is that the conviction must be set aside because the evidence is insufficient to show beyond a reasonable doubt that Franklin directed him to scales within 2 miles of the place where he was stopped. 75 Pa.C.S.A. § 4981 provides:

"Weighing and measurement of vehicles

(a) Authority of police officer.—Any police officer is authorized to require the driver of any vehicle or combination to stop and submit the vehicle or combination to be measured and weighed. . . . A police officer may require that a vehicle or combination be driven to the nearest stationary scales if the scales are within two miles."

The appellate courts of this state have never addressed the issue appellant raises. Our trial courts, however, interpreting the predecessor of § 4981, have correctly concluded that the section is directory only, not mandatory.

*See Commonwealth v. Frengel*, 41 Pa.D. & C. 551 (1941); *Commonwealth v. Davis*, 19 Pa.D. & C. 513 (1933). Thus, *Frengel* upheld conviction for operating an overweight vehicle on the highway although the arresting officer required the driver to proceed to scales 8 to 10 miles away. Illinois appellate courts have reached the same conclusion. By statute, Illinois directs the arresting officer to take the vehicle to the nearest scales available. In a case where the officer did not comply with this provision, the court held that the conviction was valid.

"The simple issues are only the overweight of the vehicle and its use upon the public. highway. Section 229(a) [directing officer to take vehicle to nearest scales] merely sets out a standard of conduct or procedure for the arresting officer but these provisions have no bearing upon the guilt of the defendants. . . . In other words, the provisions of Section 229(a), upon which defendants rely, are entirely independent from the remaining provisions of the statute. The fine was not assessed against defendants because of the provisions of Section 229(a) but because of their violation of Section 228 [overweight provision]."

*People v. Altobelli*, 1 Ill.App.3d 524, 525, 275 N.E.2d 209–210 (1971). *Accord, People v. Niven*, 130 Ill.App.2d 463, 264 N.E.2d 823 (1970) (nearest scales 1.5 miles away, driver taken to scales 6.4 miles away). Both *Altobelli* and *Niven* noted that the defendants had not suffered serious inconvenience or any prejudice because of the officer's conduct.

Further, the purpose of the overweight provision is to promote public safety on the highways. *Commonwealth v. Smith*, 409 Pa. 521, 187 A.2d 267 (1963). This purpose would be defeated if appellant's contention were to prevail. Section 4981 is not part of the provision defining the overweight offense. The purpose of § 4981 is simply to prevent hardship and inconvenience to drivers of regulated vehicles. *Commonwealth v. Frengel, supra.* There is no reason to make· validity of conviction for operating an overweight vehicle upon a public highway turn on whether the driver has been put to some small extra inconvenience in taking his vehicle to be weighed.

■ Appellant has alleged no hardship or serious inconvenience resulting from Franklin's direction to proceed to the scales at 2nd and Dock Streets. Franklin was apparently acting in good faith and upon reasonable belief that appellant's trailer truck was overweight. *See Commonwealth v. Davis, supra* (unknown to arresting officer, scales other than those used existed 500 yards closer to place of arrest). Thus, regardless of whether the weighing scales were within 2 miles of the place where Franklin stopped appellant, the conviction for violation of § 4941 is valid.

Judgment of sentence affirmed.

CERCONE, President Judge, files a concurring opinion.

CERCONE, President Judge, concurring:

While I concur in the Court's judgment, I cannot join in its broad view of the issue in the instant case. The court seems to indicate that if appellant had been permitted to prove "hardship or serious inconvenience" resulting from the weighing of his vehicle this might establish a *defense* to a conviction under the Vehicle Code, 75 Pa.C.S. § 4941(a) (1977).

Section 4981 of the Vehicle Code (weighing within two miles) is in Subchapter E of Chapter 49 and is totally distinct from Subchapter C in which section 4941(a) of the Code is located. Thus, there are two distinct types of conduct which the legislature seeks to regulate. Section 4941(a) prohibits, in the absence of a special permit, a vehicle with a gross weight in excess of 73,280 lbs. from being operated on a highway. Where, as in this case, the Commonwealth establishes the essential elements of this offense,[1] a penalty is authorized under section 4945 of the Code. The second type of conduct sought to be regulated is found in Subchapter E of Chapter 49. Specifically, section 4983 provides that *Subchapter E* has been violated where the driver of an overweight vehicle "refuses to comply with

1. Accordingly, the question whether weighing is *mandatory* or *directory* is simply not presented by this case.

the requirements of a police officer given pursuant to this subchapter [E] . . .." Section 4981, therefore, bestows upon an officer the authority to stop a vehicle *and where he so desires,* require that a seized vehicle be driven to a stationary scale within two miles. As the instant operator *was not* charged with violating this section, the fact that the weighing in this case might have taken place on scales more than two miles from the point of seizure, *regardless of hardship and inconvenience, is in the present procedural posture of this case—irrelevant.*