THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT L. JACKSON *et al.*, Defendants-Appellants.

Fourth District    No. 16679

Opinion filed July 17, 1981.

Donald B. Mackay, of Schippers, O'Brien & Long, of Chicago, for appellants.

Michael M. McFatridge, State's Attorney, of Paris (Richard M. Kash, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:
Overweight trucks.
Bench trial.
Guilty.
We affirm.

At defendants' trial at bench, State Trooper J. E. Buckley testified that he was at the ICM Grain scales in Paris, Illinois, in the early morning hours of June 1, 1980. Defendants arrived at the scales, having received orders from a county deputy sheriff to go to ICM Grain to have their trucks weighed. Buckley testified that the scales were certified by the Illinois Department of Agriculture and that the sticker on the scales stated that they had been tested in September 1979. Buckley did not calibrate the scales but testified that they are "exactly with" a set of State-operated scales in Marshall, Illinois. The ICM Grain scales indicated that Jackson's and Bartow's trucks exceeded their 73,280-pound weight limit by 20,220 pounds and 24,920 pounds, respectively.

Following Trooper Buckley's testimony, the State rested. Defendants' attorney then moved "to dismiss the complaint" on the ground that the State had produced no evidence that the county deputy who ordered defendants to go to the scales had reason to believe that the trucks were overweight. The judge noted that the statute requires that an officer believe a vehicle is overweight before he stops it (Ill. Rev. Stat. 1979, ch. 95½, par. 15—112(a)) and pointed out that the State had not produced any evidence as to the reasonableness of the deputy's belief. The prosecutor said that he had no response to the court's statement and that he had not known prior to trial that an officer other than Buckley had been involved. The trial judge, without any request from the State, decided to "allow the State a recess to try to contact the officer making the stop to get some kind of evidence by re-opening their case, over objection of defendant[s], some kind of evidence as to why the stop was made."

Following the recess, Deputy Sheriff Lyle Eaton testified that defendants' trucks had appeared to him to be "pulling heavy." Also, the manner in which the trucks jumped when starting from a stop sign and the noise they were making caused him to think the vehicles were overweight. Following Eaton's testimony, defendants renewed their motion to

dismiss, contending that there still was insufficient evidence of a reason to believe that the trucks were overweight. The motion was denied, and following testimony by both defendants, they were found guilty of driving overweight vehicles.

I

Defendants contend that the trial judge abused his discretion when, on his own motion, he recessed the trial and informed the State that it should find the county deputy and have him testify. But before we address that contention, we must determine how an arresting officer's reason to believe that a vehicle is overweight fits into the scheme of enforcing statutory vehicle weight limitations and of prosecuting violators of those limitations.

Section 15—111(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½; par. 15—111(a)) provides, in pertinent part, as follows:

"No vehicle or combination of vehicles equipped with pneumatic tires shall be operated, unladen or with load, upon the highways of this State when the gross weight on the road surface through any axle thereof exceeds 16,000 pounds; * * *."

Section 15—111(b) of the Code incorporates by reference the provisions of section 15—111(a) and sets forth the gross weights allowable for various vehicles, depending on the number of axles and the distance between the axles.

Section 15—112(a) of the Code contains the provision upon which defendants relied in seeking to "dismiss the complaint":

"Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales. If such scales are not available at the place where such vehicle is stopped, the police officer shall require that such vehicle be driven to the nearest available scale that has been tested and approved by the Illinois Department of Agriculture."

The central issue in this case is whether an officer's "reason to believe that the weight of a vehicle and load is unlawful" is an element of the offense for which defendants were convicted. If it is not, then defendants were not prejudiced by the trial judge's actions, for the evidence presented by Deputy Eaton was not a prerequisite to finding defendants guilty. If, however, the "reason to believe" is an element of the offense, then the trial judge's action is more subject to question.

We conclude that the reasonableness of the arresting officer's belief that a vehicle is overweight is not an element of the offense of driving a vehicle in excess of its legal allowable weight. Initially, we note that the language quoted above from section 15—111 would appear to state the

elements of the offense—*i.e.*, operation of a vehicle, with pneumatic tires, on a highway when the vehicle and load together exceed the applicable weight limitations. The "reason to believe" provision is in the following section of the Code. Although that separation is not conclusive, it suggests that the legislature intended the matters contained in section 15—112(a) to be something other than elements of the offense described in section 15—111.

It is also significant that section 15—112(a) is phrased in terms of a directive to police. It tells an officer that if he has a reason to believe a vehicle is overweight, he shall have it weighed. In addition, he is told what to do if no scales are available at the place where he makes a stop. Thus, we see section 15—112(a) as a guide to an arresting officer, not as a statement of an element of the offense of operating an overweight vehicle. See *People v. Niven* (1970), 130 Ill. App. 2d 463, 264 N.E.2d 823, wherein the court held that the provision in section 15—112(a) that a vehicle be weighed at "the nearest available scale" is directory rather than mandatory.

Elements of an offense are usually limited to certain acts performed by a defendant while he has a particular state of mind. Additionally, as indicated by our aggravated arson statute, elements of an offense may relate to the conditions under which defendant performs his acts (Ill. Rev. Stat. 1979, ch. 38, par. 20—1.1); and in rare cases the mental condition of a victim may be an element. (See Ill. Rev. Stat. 1979, ch. 38, par. 11—1(a)(2).) But defendants have been unable to point to any crime in which the mental state of an arresting officer is an element of the offense, and we are not persuaded that the statutory scheme before us constructs such a unique criminal offense.

■■ Because the arresting officer's reason to believe defendants' trucks were overweight was not an element of the crime for which defendants were charged, the State had no burden of producing evidence on that point and defendants were not wronged by the trial judge's *sua sponte* calling of a recess and directing the State to produce testimony from the arresting officer.

## II

■■ Although we have held that the "reason to believe" is not a part of the State's sword, we likewise acknowledge that it is available to a defendant as a shield. In a number of cases, defendants have relied upon this provision in *pretrial* motions to suppress evidence expected to be given by the arresting officer. (*People v. Lumpp* (1977), 54 Ill. App. 3d 235, 369 N.E.2d 323; *People v. Slonski* (1976), 40 Ill. App. 3d 319, 352 N.E.2d 292; *People v. Johanson* (1975), 28 Ill. App. 3d 82, 328 N.E.2d 331.) Nothing we have said in this case is intended to detract from a defendant's right to

use section 15—112(a) in that manner. In fact, the trial judge below appears to have treated defendants' motion as one to suppress—a quite reasonable manner of proceeding, given our conclusion that the officer's reason to believe the trucks were overweight is not an element of the offense. Because defendants waited until the trial stage to bring up this issue, it was hardly an abuse of the judge's discretion to call a recess and direct the State to bring in evidence to meet the motion. Because defendants have not contended on appeal that their motion should have been granted, we need not discuss the sufficiency of the State's evidence. Also, we are not called upon to address the question of the timeliness of defendants' motion.

### III

Defendants contend that the State failed to prove that the ICM Grain scales had been "tested and approved by the Illinois Department of Agriculture," as provided in section 15—112(a). Assuming—without deciding—that the State must prove this fact, the State produced sufficient evidence to meet its burden. Buckley testified that the scales were tested by the Illinois Department of Agriculture and were certified. This testimony was never stricken from the record. He also stated that these scales were "exactly with" a set of State-operated scales. Furthermore, any contention defendants make regarding the accuracy of the scales is "hypercritical and frivolous" in light of the fact that their trucks were approximately 27½ percent and 34 percent overweight, respectively. (*People v. Hansen* (1966), 74 Ill. App. 2d 49, 52, 220 N.E.2d 96, 98.) Buckley's testimony was sufficient to make out a *prima facie* case of the scales' accuracy (*People v. Fair* (1965), 61 Ill. App. 2d 360, 210 N.E.2d 593), and defendants did not rebut this evidence.

Affirmed.

GREEN and WEBBER, JJ., concur.