No. 83–5933. GARCIA v. ILLINOIS. Sup. Ct. Ill. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner was charged with committing a variety of crimes with an accomplice, including four murders. He was convicted, sentenced to death, and his conviction and sentence were affirmed by the Supreme Court of Illinois. 97 Ill. 2d 58, 454 N. E. 2d. 274 (1983).

According to the Supreme Court of Illinois, the jurors were instructed that they could return guilty verdicts on the charges against petitioner "if they found that [he] had actually commited the crimes, or, alternatively, if they found that he was legally responsible for the conduct of the perpetrator under the Illinois accountability statute." Id., at 83, 454 N. E. 2d, at 284.* The Illinois Supreme Court concluded that the general verdict returned by the jury failed "to reveal whether the jury found him guilty of actually killing anyone or whether he was convicted on the basis of accountability." Id., at 84, 454 N. E. 2d, at 284. The Illinois Supreme Court held, however, that "[e]ven if we were to assume that [petitioner's] murder convictions rested in part or completely on a theory of accountability, the imposition of the death sentence under the circumstances present here was permissible." Ibid. The death sentence would be permissible because, in the eyes of the Illinois Supreme Court, "the uncontroverted evidence presented at trial concerning [petitioner's] conduct . . . clearly demonstrates that [petitioner] intended that lethal force would be employed." Id., at 85, 454 N. E. 2d, at 285.

The Illinois Supreme Court was compelled to make this finding in order to preserve the State's imposition of the death penalty upon petitioner. The compulsion derived from this Court's decision in Enmund v. Florida, 458 U. S. 782 (1982). In Enmund this Court recognized "[s]ociety's rejection of the death penalty for accomplice liability in felony murders," id., at 794, by holding that the Eighth Amendment as incorporated by the Fourteenth Amendment prohibits States from imposing the death penalty in the absence of a finding that a participant in a felony murder

---

*See Ill. Rev. Stat., ch. 38, ¶¶ 5–1 through 5–3 (1983).

either killed, or attempted to kill, or intended that a killing take place or that lethal force be employed. *Id.*, at 797. Here, the jury made no explicit finding that petitioner engaged in the conduct or possessed the intent which, under *Enmund*, is required for a valid death sentence. Rather, the Illinois Supreme Court supplied this finding.

The action taken by the Illinois Supreme Court contradicts this Court's insistence, articulated in *Enmund*, that capital punishment be tailored to a defendant's own personal responsibility and moral guilt. That tailoring was forsaken here when the jury returned a general verdict that failed to reveal whether petitioner had been convicted for murders he had actually committed himself or whether he had been convicted solely on the basis of his vicarious responsibility for the crimes of his accomplice. The "remedy" the Illinois Supreme Court created to address the ambiguity of the jury's verdict—setting itself up as a finder of fact on the issue of intent—contravenes a related tenet of this Court's death penalty jurisprudence: that the uniquely harsh consequence entailed by capital punishment demands the greatest possible exactitude in the factfinding process. See, *e. g.*, *Beck* v. *Alabama*, 447 U. S. 625 (1980); *Godfrey* v. *Georgia*, 446 U. S. 420 (1980). The ruling of the Illinois Supreme Court mocks this standard by attempting to derive from a cold paper record a subtle factual determination best left in the hands of juries or trial courts that have had the opportunity to view witness demeanor and other delicate nuances that cannot be captured by written transcipts. Confronted with "a level of uncertainty [in] the factfinding process that cannot be tolerated in a capital case," *Beck* v. *Alabama, supra*, at 643, this Court should either vacate petitioner's sentence and remand with instructions that he be resentenced in a fashion that excludes the imposition of capital punishment or grant certiorari and give plenary consideration to petitioner's claim. I therefore respectfully dissent.