THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
INDUSTRIAL SALVAGE, INC., Defendant-Appellee.

Fifth District   No. 5—84—0341

Opinion filed August 15, 1985.

Robert W. Matoush, State's Attorney, of Salem (Kenneth R. Boyle, Stephen E. Norris, and Julieanne Cordts, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Thomas L. Jackson, of Lackey, Warner & Sauer, of Centralia, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Industrial Salvage, Inc. (defendant), was charged with operating an overweight truck in violation of the Illinois Vehicle Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 15—111(b).) The trial court granted defendant's motion to suppress evidence. The People have appealed from the order suppressing evidence. We affirm.

At the hearing, the following facts were adduced:

On August 10, 1983, Ralph Hilmes, Marion County superintendent of highways, received a phone call from Mrs. Norville. She explained that she lived on the county line road near Walnut Hill and com-

plained that large trucks were damaging Walnut Hill Road by creating ruts. Mr. Hilmes received a second complaint of the same nature by someone who identified himself only as a resident who lived along Walnut Hill Road. After receiving these two phone calls, Mr. Hilmes called the Marion County sheriff, Charles Sanders, and informed him of the complaint. He told Sheriff Sanders that he was going out to look at the road and determine if it had been damaged. Mr. Hilmes asked if he could count on one of the deputies to come down and check the trucks if he found that the road had indeed been damaged. Sheriff Sanders informed Mr. Hilmes that no law enforcement personnel were available to assist that day. Sheriff Sanders said that Mr. Hilmes should check the road and, if it appeared as if the road was being damaged, that he should stop some of the trucks and weigh them. If they were overweight, Mr. Hilmes was to immediately call the sheriff's office.

Sheriff Sanders testified that on August 10, 1983, obligations in court prevented him from going to Walnut Hill Road. He testified that he had asked Mr. Hilmes to go and observe, to take the trucks to the scales himself, and to have them weighed. He advised Mr. Hilmes to call if he needed any assistance.

Mr. Hilmes then. went to Walnut Hill Road, where he observed a three-axle truck with the name "Industrial Salvage" on the side. After stopping the truck, he identified himself as county superintendent of highways and asked the driver if he would drive to the scales (private scales) to be weighed. The driver agreed, and the truck was weighed and found to be under the legal minimum. Mr. Hilmes informed the driver that the weight was "okay" and commented that the truck must be empty. The driver acknowledged that the truck was empty and stated, "You got the wrong guy" and "some of the other fellows are the ones that are really loaded."

Mr. Hilmes then returned to the same location where he had stopped the first truck. He observed another truck of the same color and configuration as the first one, with clay dirt appearing over the sides of the truck. He flagged the truck down and identified himself to the driver as the county superintendent of highways. He then asked the driver if he would go to the scales to be weighed. (Mr. Hilmes at no time informed either driver that they were under no obligation to go to the scales.) The driver agreed. The vehicle was overweight, in violation of section 15—111(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 15—111(b)), and the police were called.

The first issue is whether the trial court erred in granting the

defendant's motion to suppress. The State alleges that the evidence was obtained as a result of defendant's voluntary act, and therefore the evidence should not have been suppressed.

■ Generally, unless the trial court's ruling on a motion to suppress is manifestly erroneous, it will not be disturbed. (*People v. Garcia* (1983), 97 Ill. 2d 58, 74, 454 N.E.2d 274, 279, *cert. denied* (1984), 467 U.S. 1260, 82 L. Ed. 2d 856, 104 S. Ct. 3555.)

■ The State contends that the trial court rejected all the arguments in defendant's motion to suppress. However, after reviewing the record, we note that the trial court agreed with the defendant and found that section 15—112(a) of the Illinois Vehicle Code required a stopping by a police officer and that the county superintendent of highways was not a police officer as contemplated by the statute.

Section 15—112 of the Illinois Motor Vehicle Code provides, in pertinent part, the following:

"Officers to weigh vehicles and require removal of excess loads. (a) Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales." Ill. Rev. Stat. 1983, ch. 95½, par. 15—112.

Authorization for the county superintendent of highways to weigh vehicles is also absent from sections 5—205.1 through 5—205.8 of the Illinois Highway Code, which describe the functions the county superintendent of highways is expected to perform. (Ill. Rev. Stat. 1983, ch. 121, pars. 5—205.1 through 5—205.8.) The duties mainly involve the supervision of construction or maintenance of any highway.

■ The trial court also found that the truck driver did not voluntarily consent to the weighing of the truck. Although it is true that Mr. Hilmes did at no time announce that he was a police officer or authorized deputy, he did inform the driver that he was the county superintendent of highways. He then asked the driver if he was willing to drive to the scales to be weighed. Regarding this request, the trial court stated,

"It was a request. Still when it's made by a county official out there on the road, nobody has got the books to look up and see whether the county superintendent of highways has authority to require a weigh, the voluntarinous [*sic*] of submitting to a weighing under those circumstances is vitiated, and it can't truly be said that that's a voluntary act."

We agree. Section 15—112(g) of the Illinois Vehicle Code states the penalty for those drivers who refuse to stop. It provides, in pertinent

part, the following:

> "Any driver of a vehicle who refuses to stop and submit his vehicle and load to weighing after being directed to do so by an officer *** is guilty of a business offense and shall be fined not less than $500 nor more than $2,000." (Ill. Rev. Stat. 1983, ch. 95½, par. 15—112(g).)

In light of the possible penalty a driver could incur for refusing to submit his vehicle for weighing, it is easy to understand why the driver readily agreed.

We are aware that the voluntary nature of the consent depends, not on any single criterion, but on all circumstances surrounding the giving of consent. (*Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 229-30, 36 L. Ed. 2d 854, 864, 93 S. Ct. 2041, 2048-49.) The question whether a consent is voluntarily given or coerced is ordinarily one of fact to be resolved by the trial court in the first instance. *People v. Shaver* (1979), 77 Ill. App. 3d 709, 713, 396 N.E.2d 643, 646.

In light of the penalty for refusing to submit a vehicle for weighing and Mr. Hilmes' identification as the county superintendent of highways, we find that the trial court's ruling on the motion to suppress was not against the manifest weight of the evidence.

■ The last issue raised is whether an arrest occurred at the time defendant's truck was stopped and whether this arrest was valid because it was made by a private citizen. However, a stopping as contemplated under section 15—112(a) of the Illinois Vehicle Code is not characterized as an arrest. *People v. Lumpp* (1977), 54 Ill. App. 3d 235, 369 N.E.2d 323.

We can find no cases where a private citizen or individual other than a police officer made a temporary stop under section 15—112(a) of the Illinois Vehicle Code and, as previously mentioned, the county superintendent of highways does not have the authority to weigh vehicles.

After a careful review, we find that the legislature has limited stops for temporary questioning to police officers and that it was not a power that the legislature intended to put into the hands of a private citizen. Ill. Rev. Stat. 1983, ch. 38, par. 107—14.

For the foregoing reasons, the judgment of the circuit court of Marion County is affirmed.

Affirmed.

KARNS and HARRISON, JJ., concur.