**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230328-U

Order filed August 12, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-23-0328 |
| v. | ) | Circuit No. 22-TR-33824 |
| | ) | |
| GREG D. LAFORCE, | ) | Honorable |
| | ) | James B. Harvey, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Justice Holdridge dissented.

_____

**ORDER**

¶ 1    *Held*:  The circuit court erred in finding defendant guilty of operating an overweight vehicle without hearing evidence that the scales were certified and that the officer was properly trained to operate the scales to establish a foundation for the evidence to prove that defendant's vehicle was overweight.

¶ 2    Defendant, Greg D. LaForce, appeals his conviction of an overweight vehicle ticket, arguing that the prosecution failed to prove that the officer that issued the citation had reason to

believe his vehicle was overweight, that the scales were properly certified, and that the officer was properly trained to operate the scales. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4          On October 3, 2022, Will County Sheriff's deputy Jason Schultz conducted a traffic stop wherein he issued a traffic citation to defendant for driving an overweight vehicle on an elevated state structure. 625 ILCS 5/15-111(e) (West 2022).

¶ 5          Defendant elected to proceed to a bench trial. During the trial, Schultz testified that on the day of the citation he observed defendant driving a "single combination vehicle" over a bridge that had a posted weight limit of 24 tons, or approximately 48,000 pounds. He noted that there was a "type of lift device" on the back of the vehicle. Schultz conducted a traffic stop and weighed defendant's vehicle using the portable scales that were in his squad car. He testified that defendant's vehicle weighed 66,700 pounds, or approximately 30 tons. Because his portable scales indicated that defendant's vehicle was approximately six tons overweight, Schultz wrote defendant a traffic citation.

¶ 6          When questioned about the scales he used, Schultz stated that the scales were certified by the "Springfield Department of Natural Resources" in September 2022. Defendant objected to Schultz's testimony regarding the scales' certification, arguing that it was hearsay. The court overruled the objection.

¶ 7          After the State rested, defendant orally moved for a directed finding. He argued that the State did not prove all the elements of the offense because it did not prove the officer had "reason to believe" defendant's vehicle was overweight before conducting the traffic stop as required under section 15-112(a) of the Illinois Vehicle Code (Code). 625 ILCS 5/15-112(a) (West 2022). Further, defendant argued that the officer incorrectly stated that the scales were

2

certified by the Springfield Department of Natural Resources instead of the Illinois Department of Agriculture, as the statute required, and no evidence was offered that the scales were certified except through Schultz's testimony. See *id.* Defendant also argued that no testimony had been presented to demonstrate that Schultz was properly trained to operate the scales, another requirement of section 15-112. *Id.* The court denied defendant's motion.

¶ 8        Defendant rested without presenting any evidence and reiterated the arguments advanced at his motion for directed finding during closing. The court found defendant guilty and sentenced defendant to two months' conditional discharge and a $5994.00 fine. Defendant filed a motion for a new trial, in which he argued the same points raised in his motion for directed finding and in his closing. This motion was also denied. Defendant now appeals.

¶ 9                                    II. ANALYSIS

¶ 10       On appeal, defendant argues that the evidence was insufficient to prove him guilty of the violation cited. Specifically, he contends that the State failed to prove that Schultz had reason to believe defendant's vehicle was overweight before conducting the stop, that the portable scales used were properly certified by the Illinois Department of Agriculture, and that Schultz had received the proper training to operate the scales.

¶ 11       In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the offense's essential elements were proven. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). We will not retry the defendant. *Id.* Although the trier of fact is entitled great deference, the determinations it makes are not conclusive. *People v. Ortiz*, 196 Ill. 2d 236, 259 (2001). We therefore will not reverse unless the evidence is so unreasonable, improbable, or unsatisfactory to justify a finding of defendant's guilt. *Id.*

¶ 12        Defendant was charged with operating an overweight vehicle on an elevated state structure. 625 ILCS 5/15-111(e) (West 2022). To sustain a conviction, the State must prove that defendant operated a vehicle over a bridge or elevated structure and that the vehicle had a gross weight that exceeded the maximum weight permitted on that structure. *Id.* Additionally, when Schultz stopped defendant and weighed his vehicle, he acted pursuant to section 15-112(a) of the Code. 625 ILCS 5/15-112(a) (West 2022). Section 15-112(a) provides, in pertinent part:

> "Any police officer having reason to believe that the weight of a vehicle and load is unlawful shall require the driver to stop and submit to a weighing of the same either by means of a portable or stationary scales that have been tested and approved at a frequency prescribed by the Illinois Department of Agriculture." *Id.*

Defendant argues that without proving that Schultz complied with section 15-112(a) of the Code, there was insufficient evidence to prove he committed the offense.

¶ 13        In response the State first argues that defendant's evidentiary challenges should have been raised in a pretrial motion to suppress instead of at trial or in a motion for new trial. In support, the State cites, *inter alia, People v. Montgomery*, 332 Ill. App. 3d 817, 821 (2002), which held that the statutory requirement that an officer have reason to believe a vehicle is overweight before stopping it was not an element of the overweight offense and instead should be challenged in a motion to suppress. Here, no motion to suppress challenging the officer's basis for the stop was filed either before or during the trial. In general, a defendant may raise a motion to suppress at any time it becomes apparent such a motion must be raised. See *People v. Flatt*, 82 Ill. 2d 250 (1980); *People v. Goodwin*, 207 Ill. App. 3d 282 (1991) (allowing for raising motion to suppress at trial when the basis for such motion was not discovered prior to trial).

While defendant challenged Schultz's testimony in his motion for a directed verdict and at the close of the evidence, these are not the functional equivalent of a motion to suppress evidence.

¶ 14    Nevertheless, we disagree with the State's contention that the requirements set forth in section 15-112(a) need not be proven at trial. 625 ILCS 5/15-112(a) (West 2022). While the State is indeed correct that the provisions of section 15-112(a) are not elements of the offense with which defendant was charged, it must nevertheless lay an adequate foundation for the evidence that is used to prove defendant committed the offense. See *Id.*; *Kautz*, 272 Ill. App. 3d at 451 (holding that the State failed to establish the accuracy of weight scales because it failed to lay the proper foundation for the evidence used to prove the offense). It cannot provide such a foundation without first establishing Schultz complied with section 15-112(a). 625 ILCS 5/15-112(a) (West 2022). Without demonstrating the scale's accuracy and Schultz's competency to operate them, the State cannot meet its burden to prove that defendant's vehicle was overweight. *Id.* §§ 15-111(e), 15-112(a). Thus, we consider section 15-112(a)'s requirements concerning scale accuracy, certification, and officer training to aid in the determination of whether the State produced sufficient foundational evidence to prove that defendant's vehicle was overweight. *Id.*

¶ 15    Defendant first argues that the State did not establish that Schultz's scales were properly tested and certified by the correct state department. *Id.* Instead, the State introduced Schultz's testimony that the "Springfield Department of Natural Resources" certified the scales, not the Illinois Department of Agriculture. No evidence was presented beyond Schultz's testimony that the wrong agency certified the accuracy of the scales or his bare assertion that they were used properly when weighing defendant's vehicle. This is different from *People v. Jackson*, which is relied upon by the State, where the appellate court determined there was an overabundance of evidence to prove the scales' accuracy and to establish that the vehicles at issue were overweight.

98 Ill. App. 3d 418, 422 (1981). We do not have sufficient evidence here to make the same determination; therefore, we cannot conclude that the State provided a foundation to sufficiently establish the scales used were accurate. See *Kautz*, 272 Ill. App. 3d at 451.

¶ 16    The State also failed to provide any evidence that Schultz was trained to operate the scales, another requirement under the statute. Specifically, section 15-112(a) of the Code requires officers to "attend and successfully complete initial classroom and field training administered by the Illinois Law Enforcement Training Standards Board." 625 ILCS 5/15-112(a) (West 2022). Upon review of the record, we find no evidence introduced to establish Schultz attended any training before operating the portable scales. This again affects the foundation of the evidence presented, as there is no evidence to show that Schultz knew how to use the scales properly.

¶ 17    In sum, the State failed to establish that Schultz was trained to operate his portable scales and that the scales were tested and certified as required by law. 625 ILCS 5/15-112(a) (West 2022). While neither requirement is an element under section 15-111(e), some evidence that these section 15-112(a) requirements were satisfied is necessary as foundational support for the underlying charge. *Id.* §§ 15-111(e), 112(a). Without establishing that the scales were accurate, and that Schultz knew how to operate them properly, there is insufficient evidence to prove defendant's vehicle was overweight. We therefore conclude that the State did not meet its burden to prove defendant operated an overweight vehicle, because the evidence it presented regarding the vehicle's weight was insufficient. *Id.* § 15-111(e). Thus, the circuit court erred in finding defendant guilty of the citation charged, and this finding must be reversed.

¶ 18    Because we are reversing on other grounds, we need not address defendant's other arguments regarding hearsay and whether Schultz had reason to stop defendant. See *People v.*

6

*West*, 187 Ill. 2d 418, 448 (1999). Our decision not to address these arguments should not be interpreted as any reflection of our opinion on the merit of the issues.

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Will County is reversed.

¶ 21        Reversed.

¶ 22        JUSTICE HOLDRIDGE, dissenting:

¶ 23        I respectfully dissent from the majority's reversal of the circuit court of Will County.

¶ 24        As the majority states, the defendant was charged with operating an overweight vehicle on an elevated state structure. *Supra* ¶ 12. The elements of that offense are that the defendant (1) operated a vehicle, (2) over a bridge or elevated structure, and (3) that the vehicle had a gross weight that exceeded the maximum weight permitted on that structure. *Id.*

¶ 25        The offense of operating an overweight vehicle on an elevated state structure does not include the directives found in section 15-112(a) of the Code. In *People v. Jackson*, 98 Ill. App. 3d 418 (1981), a case cited by the majority, a critical issue was whether the State was required to prove why an officer believed a vehicle to be overweight. *Jackson*, 98 Ill. App. 3d at 420. The *Jackson* court concluded "the reasonableness of the arresting officer's belief that a vehicle is overweight is not an element of the offense of driving a vehicle in excess of its legal allowable weight." *Id.* The "reason to believe" provision of section 15-112(a) is in the section of the Code following the underlying offense. *Id*. at 421. "Although that separation is not conclusive, it suggests that the legislature intended the matters contained in section 15-112(a) to be something other than elements of the offense described in section 15-111." *Id.* "Thus, we see section 15-112(a) as a guide to an arresting officer, not as a statement of an element of the offense of operating an overweight vehicle." *Id.* "Because the arresting officer's reason to believe

7

defendants' trucks were overweight was not an element of the crime for which defendants were charged, the State had no burden of producing evidence on that point." *Id.*

¶ 26    *Jackson* made it abundantly clear that the State does not have the burden of proving the arresting officer's reasons for stopping a vehicle he or she believes is overweight, or any of the other guidelines contained in section 15-112(a), to find a defendant guilty of operating an overweight vehicle on an elevated state structure. The State presented evidence that Schultz witnessed the defendant (1) operate a vehicle, (2) over a bridge with a posted weight limit of 24 tons, and (3) found the defendant's vehicle weighed approximately 30 tons after weighing it. *Supra* ¶ 5. This was the only evidence needed to meet the elements of operating an overweight vehicle on an elevated state structure. See 625 ILCS 5/15-111(e) (West 2022).

¶ 27    The majority has determined the State cannot provide credible evidence that a defendant committed the offense of operating an overweight vehicle on an elevated state structure without establishing the arresting officer complied with section 15-112(a). *Supra* ¶¶ 15-17. The weight to be given to an officer's testimony hinges on a credibility determination, and on such questions we defer to the trial court. It is not our role to reweigh the evidence. *People v. Hendricks*, 325 Ill. App. 3d 1097, 1110 (2001). The trier of fact must "resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts," and we will not replace that judgment with our own. *People v. Gray*, 2017 IL 120958, ¶ 35. The trier of fact's decision to accept a witness's testimony as credible is entitled to great deference but may be found unreasonable "where the record evidence compels the conclusion that no reasonable person could accept it beyond a reasonable doubt." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). A criminal conviction will only be set aside where "the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261

8

(1985). Here, the evidence was not rendered per se improbable or unsatisfactory merely because it failed to comply with section 15-112(a). Instead, it was the trier of fact's role to determine its credibility based on the officer's testimony, and we should not substitute the judgment of the trial court with our own.

¶ 28 There is one additional point addressed in the Jackson opinion that bears repeating:

"Elements of an offense are usually limited to certain acts performed by a defendant while he has a particular state of mind. Additionally, as indicated by our aggravated arson statute, elements of an offense may relate to the conditions under which defendant performs his acts [citation]; and in rare cases the mental condition of a victim may be an element. [Citation]. But defendants have been unable to point to any crime in which the mental state of an arresting officer is an element of the offense, and we are not persuaded that the statutory scheme before us constructs such a unique criminal offense." *Jackson*, 98 Ill. App. 3d at 422.

The majority concedes the provisions of section 15-112(a) are not elements needed to find a defendant guilty of the offense yet requires them to find an officer's evidence testimony credible. *Supra* ¶ 17. This is a distinction without a difference. The majority's holding is remarkable in that it would, for the first time, require the State to prove an officer's subjective state of mind as an element of the offense.

¶ 29 Based on my conclusion that the State presented sufficient evidence to convict, it is necessary to consider the defendant's alternative argument, that the court erred in considering hearsay evidence regarding the certification of the scales. "Where an officer testifies to information within his personal knowledge, such statements are not hearsay." *People v. Jordan*, 282 Ill. App. 3d 301, 306 (1996). Because Schultz did not testify that the Department of

9

Agriculture stated that the scales were certified but instead testified that he had personally taken the scales to be certified and that they were indeed certified, such testimony was not hearsay because Schultz was testifying to his personal knowledge. See *id.* Thus, I would uphold the judgment of the trial court.